*616 OPINION OP THE COURT
Meyer, J.
The issues on this appeal are whether plaintiffs failure to file a notice of claim pursuant to subdivision 1 of section 3813 of the Education Law bars his action to enjoin the termination of his position as a school principal and for damages for the breach of his contract; and if the action is not thus barred, whether section 2510 of the Education Law is to be read as terminating plaintiffs contract rights when his position is abolished even though the contract contains no such express provision. We hold that, the school district having failed to plead the statute, subdivision 1 of section 3813 does not bar the action, and that the abolition of a position pursuant to section 2510 does not destroy contract rights of the holder of the position. The order of the Appellate Division granting the school district’s cross motion for summary judgment is, therefore, reversed, the order of Special Term granting plaintiffs motion for summary judgment and denying defendant’s cross motion is reinstated, and the matter is remitted to Special Term for assessment of damages.
The plaintiff, Peter Flanagan, has been an elementary school principal in the Commack Union Free School District since February 1, 1972. At that time the Legislature had recently deleted the "principal” position from the tenure system, and Flanagan was given no contract of employment. He served, therefore, at the pleasure of the board of education. In 1974, however, the Legislature amended section 3012 of the Education Law to make the use of employment contracts mandatory as of July 1, 1975 (L 1974, ch 952, § 2), and on July 15, 1975 defendant school district entered into the agreement which is the subject of this action, employing Flanagan as a principal for a three-year term, from July 1, 1975 to June 30,1978.
Pressed by the "budget crunch” and flagging student enrollment, the school district in 1976 decided to eliminate two elementary school principal positions. On April 2, 1976, therefore, Flanagan received a letter from the superintendent of schools terminating his services as of June 30, 1976.
Flanagan did not await the July 1, 1976 termination date before beginning this action. Instead by order to show cause granted May 28, 1976, he began this action against the board in which he sought an injunction prohibiting his termination and ordering his reinstatement to the principal’s position, as *617 well as damages. The complaint did not allege the service of a section 3813 notice of claim, nor has any document denominated as such a notice ever been served.
The school district’s answer raised three affirmative defenses: (1) that the employment agreement was void as against public policy, (2) that the amendment to section 3012 of the Education Law which required the use of employment contracts was unconstitutional, and (3) that Flanagan failed to mitigate his damages. On cross motions for summary judgment, the Supreme Court, Suffolk County, granted partial summary judgment in favor of Flanagan, referring the issue of damages (including the mitigation defense) for a hearing. On appeal to the Appellate Division, the school district claimed for the first time that plaintiff’s failure to serve a notice of claim barred the action.
The Appellate Division reversed and granted the school district’s cross motion for summary judgment, stating: "It is undisputed that plaintiff failed to file a written notice of claim as required by subdivision 1 of section 3813 of the Education Law * * * [A] notice of claim was a condition precedent to the commencement of this action”.
We conclude, however, that under the circumstances of this case subdivision 1 of section 3813 may not be interposed as a bar to plaintiff’s claim. The school district, though it pleaded other defenses, failed to raise the issue at Special Term, bringing the question up for the first time in its Appellate Division brief. While service of a notice of claim is a statutory condition precedent which does not have to be pleaded as an affirmative defense (Board of Educ. [Wager Constr. Corp.], 37 NY2d 283; Matter of Board of Educ. [Heckler Elec. Co.], 7 NY2d 476), the defense is, nevertheless, one which if not raised before the court of original jurisdiction is waived (Matter of Schlosser v Board of Educ., 47 NY2d 811; cf. Salesian Soc. v Village of Ellenville, 41 NY2d 521).
Turning then to consideration of the effect of section 2510 of the Education Law upon plaintiff’s rights, we note that nothing in the Constitution, statute or public policy prohibits a school district from extending to this plaintiff the benefit of a three-year contract term (see Board of Educ. v Yonkers Federation of Teachers, 40 NY2d 268; Matter of Susquehanna Val. Cent. School Dist. [Susquehanna Val. Teachers' Assn.], 37 NY2d 614). Indeed, when plaintiff’s contract was executed section 3012 of the Education Law required use of employ *618 ment contracts. In light of that fact and of the obvious benefit in attracting the best qualified persons that the offer of a contract for a definite period affords, it cannot be said that plaintiff’s contract is void as against public policy.
Nor does it conflict with section 2510 of the Education Law. That statute merely provides, inter alia, "Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued.” Whether this provision applies to the abolition of positions that are not tenured we need not now decide. Assuming that the school district can abolish appellant’s position, that does not destroy the rights that he has under contract (see Board of Educ. v Yonkers Federation of Teachers, supra).
Accordingly, we reverse and reinstate the order of Special Term, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg. concur.
Order reversed, with costs, the order of Special Term reinstated insofar as it granted plaintiff’s motion for summary judgment and denied defendant’s cross motion, and the case remitted to Supreme Court, Suffolk County, for assessment of damages.