■ In the Matter of LEONA HERENDEEN et al., Appellants, v BOARD OF EDUCATION OF THE FAIRPORT CENTRAL SCHOOL DISTRICT, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: Petitioners, three tenured, certified nurse teachers of the respondent Fairport Central School District, appeal the dismissal of their article 78 proceeding. This proceeding arose as the result of the abolition by respondent of these positions for the 1977-1978 school year. Petitioners Tripp and Herendeen accepted other positions with respondent at a substantially reduced salary. The dismissed petition sought reinstatement and back pay. Special Term incorrectly concluded that petitioners' failure to comply with section 3813 of the Education Law was fatal to the valid maintenance of their proceeding. Where, as here, the time requirements of section 3813 are not raised before the trial court, they are waived (*Flanagan v Board of Educ.,* 47 NY2d 613, 617; *Matter of Schlosser v Board of Educ.,* 47 NY2d 811). However, we agree with Special Term's finding that the evidence in the record before it conclusively establishes that respondent school district has properly created a separate and distinct tenure area for school nurse teachers (*Steele v Board of Educ.,* 40 NY2d 456) which is of long standing and predates the employment of all three petitioners. The documentary evidence attached to their amended petition also demonstrates that petitioners, when hired, were alerted to the fact that they were entering an independent tenure area (*Waiters v Board of Educ.,* 46 NY2d 885). Thus, there is no issue of fact requiring a hearing on the claimed violation of petitioners' tenure rights under subdivision 2 of section 2510 of the Education Law. Petitioners' other argument that the change of title was simply that and not a change of duties is similarly without merit. We recently considered the issue of whether the position of school nurse teacher and school nurse are similar and have held that they are not (*Matter of Bork v City School Dist. of City of North Tonawanda,* 60 AD2d 13, 17, mot for lv to app den 44 NY2d 647; *Matter of Abdallah v Board of Educ.,* 61 AD2d 1096, mot for lv to app den 45 NY2d 710). (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.