■ DAVID REEVES, Appellant, v MANUFACTURERS HANOVER TRUST Co. et al., Respondents. — In an action to recover damages for false imprisonment, malicious prosecution, and violation of plaintiff's civil rights, plaintiff appeals from an order of the Supreme Court, Westchester County (Walsh, J.), dated December 18, 1981, which, *inter alia,* granted the motion of defendants Community Mutual Savings Bank and Kathleen Garrett and the cross motion of defendants Manufacturers Hanover Trust Company and Desiree Spriggs for summary judgment, dismissed the complaint on the merits and denied as moot plaintiff's motions to strike the answers of the said defendants. Order modified (1) by adding to the first decretal paragraph (which granted the motion of Community Mutual Savings Bank and Garrett), after the word "granted", the following: "except the motion is denied as to the fourth cause of action", (2) by adding to the third decretal paragraph, after the words "on the merits", the following: "except with respect to the fourth cause of action", and (3) by deleting the fourth decretal paragraph (which denied as moot plaintiff's motion to strike the answer of defendants Community Mutual Savings Bank and Garrett). As so modified, order affirmed, with $50 costs and disbursements to plaintiff payable by defendants Community Mutual Savings Bank and Garrett. The matter is remitted to Special Term for a determination on the merits of plaintiff's aforesaid motion to strike. Plaintiff was arrested without a warrant on August 16, 1980. In a four-count indictment he was charged with two counts each of robbery and larceny as the result of one robbery at the

Community Mutual Savings Bank (Community) and another at the Manufacturers Hanover Trust Company (Manufacturers). He was incarcerated in the Westchester County Jail until November 12, 1980, when he was released as the result of a confession by the actual perpetrator. Defendant Garrett, an employee of Community, erroneously identified plaintiff as the bank robber at a police lineup and in the course of a preliminary hearing on August 21, 1980 at the City Court of Mount Vernon. Defendant Spriggs, an employee of Manufacturers, was shown an array of photographs after plaintiff's arrest. She expressed doubt that the photograph she selected (the plaintiff's) was that of the perpetrator and, although she requested that she be allowed to view the person in a lineup, she was never given that opportunity. Generally, where there has been an arrest and an imprisonment without a warrant, it is not necessary for a plaintiff to allege the absence of probable cause in a false arrest action and the burden is on the defendants in such a case to prove legal justification as an affirmative defense (*Broughton v State of New York,* 37 NY2d 451, cert den *sub nom. Schanbarger v Kellogg,* 423 US 929). The same principle applies in a case such as this, where a plaintiff's continued incarceration is allegedly brought about by the actions of the defendant. In view of the failure of defendant Garrett to have appeared for an examination before trial pursuant to a court order, the record is barren of any evidence of the existence of reasonable cause for her belief in plaintiff's culpability. A trial is required to determine the basis for defendant Garrett's belief that plaintiff was the felon (see *Stearns v New York City Tr. Auth.,* 24 Misc 2d 216, affd 12 AD2d 451), and whether there was an intent to confine him. Accordingly, the grant of summary judgment in favor of defendants Garrett and Community on the fourth cause of action was improper. While there is an issue of fact as to those defendants, as to defendants Spriggs and Manufacturers, they have demonstrated that their actions were proper and that they were not involved in plaintiff's continued incarceration. Absent proof that defendants have commenced or continued a criminal prosecution against plaintiff without sufficient cause and with actual malice, a fact issue has not been raised to warrant a trial of the causes of action sounding in malicious prosecution and those causes were properly dismissed as against all defendants (see *Broughton v State of New York, supra*). Since the involvement of the defendants was no greater than to supply requested information to the police, who controlled all aspects of the investigation, defendants cannot be said to have been "willful participant[s] in joint activity with the State or its agents" (*United States v Price,* 383 US 787, 794). Accordingly, the causes of action alleging violations of plaintiff's civil rights were also properly dismissed. Lazer, J. P., O'Connor, Thompson and Niehoff, JJ., concur.