■ EWA DANIEC, Appellant, v SYNTHES LTD. USA, Defendant, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. (And a Third-Party Action.)

After receiving treatment and undergoing surgery for a fractured arm in October 1978 at Elmhurst Hospital, operated by defendant New York City Health and Hospitals Corporation (hereinafter defendant), plaintiff made several postoperative therapy visits to the hospital's orthopedic clinic. The last visit in 1978 occurred on November 20. Although plaintiff was requested to return in one month, she did not return until November 9, 1979. Examination of plaintiff's arm on this date disclosed that the A-O fixation plate which had been inserted near her elbow had loosened. Corrective surgery was suggested but "adamantly" refused. That same day, plaintiff visited an attorney and signed a notice of claim against defendant alleging medical malpractice in the treatment of her arm. The notice was served on November 27, 1979 and rejected as untimely by defendant on December 18, 1979. In March 1980, plaintiff moved to compel acceptance of her notice of claim. The motion was granted on default, the order stating that "the notice of claim dated February 18, 1980 is deemed served". (The February 1980 notice of claim, appended to plaintiff's motion papers, differed from the November 1979 notice only insofar as it contained all the pertinent dates of alleged treatment.) On September 8, 1980 the instant action for medical malpractice was commenced against defendant. Defendant answered, asserting the affirmative defense of the Statute of Limitations. After completion of discovery and a medical malpractice panel hearing, defendant moved, in May 1983, for summary judgment dismissing the complaint as to it, contending that plaintiff's suit was untimely instituted. The motion was granted and plaintiff appeals. We affirm.

Based upon the record, we conclude that plaintiff abandoned her treatment in November 1978 and that her action is now time barred (see, General Municipal Law § 50-e; New York City Health and Hospitals Corporation Act § 20 [2] [L 1969, ch 1016, § 1, as amended by L 1973, ch 877, § 1]). Although no single factor necessarily establishes lack of continuity, plaintiff's failure to timely return to the clinic after her November 20, 1978 visit, after having been instructed to return in one month, her failure to seek corrective treatment from defendant despite experiencing pain during the ensuing one-year interval, and her "adamant" refusal to undergo corrective treatment by defendant

upon finally returning to Elmhurst on November 9, 1979, the same day she signed the notice of claim, all indicate that there was no continuity of treatment after November 20, 1978. Measured from November 20, 1978, the time within which plaintiff was required to institute her suit expired on February 18, 1980. Since suit was not instituted until September 1980, plaintiff's action is time barred, and Trial Term properly granted defendant's motion for summary judgment.

The fact that Special Term may have considered the issue of continuous treatment and timeliness in its 1980 granting of leave to file a notice of claim does not operate to bind this court, since the doctrine of the law of the case applies only as between courts of coordinate jurisdiction (*see, Globe Indem. Co. v Franklin Paving Co.,* 77 AD2d 581). Moreover, it is not even clear that Special Term necessarily found a course of continuous treatment ending with plaintiff's November 9, 1979 clinic visit. Finally, plaintiff did not raise the foreign object discovery rule at Trial Term and thus the issue is not properly before this court (*American Indus. Contr. Co. v Travelers Indem. Co.,* 54 AD2d 679, 680, *affd* 42 NY2d 1041). In any event, CPLR 214-a excepts fixation devices such as that at bar from the foreign object discovery rule. Nor is this suit, insofar as it is asserted against defendant, one sounding in strict products liability in which a discovery rule as to design defects might be applicable. Lazer, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.