■ DAVID REEVES, Respondent, v MANUFACTURERS HANOVER TRUST Co. et al., Defendants, and COMMUNITY MUTUAL SAVINGS BANK OF SOUTHERN NEW YORK, Also Known as COMMUNITY SAVINGS & LOAN ASSOCIATION, et al., Appellants.—In an action to recover damages for false imprisonment, defendants Kathleen Garrett and Community Mutual Savings Bank of Southern New York, also known as Community Savings & Loan Association, appeal from an order of the Supreme Court, Westchester County (Gurahian, J.), dated March 8, 1985, which denied their renewed motion for summary judgment.

Order reversed, on the law, with costs, motion granted and complaint dismissed as to appellants.

In a prior appeal in this case, this court held that a "trial is required to determine the basis for defendant Garrett's belief that plaintiff was the felon * * * and whether there was an intent to confine him" *(Reeves v Manufacturers Hanover Trust Co.,* 88 AD2d 972, 973). The court thus modified an order of Special Term (Walsh, J.), insofar as it granted appellants' motion for summary judgment as to plaintiff's cause of action for false imprisonment. Since that decision, the depositions of defendant Garrett and the two police detectives who were involved in the arrest of plaintiff were taken and the police investigation file was obtained. Upon this new evidence, appellants renewed their motion for summary judgment.

Given this expanded record, we conclude that there is no longer any reasonable basis for a determination that appellants are liable to plaintiff for false imprisonment, and, therefore, we hold that Special Term erred in denying appellants' renewed motion for summary judgment *(see, Veras v Truth Verification Corp.,* 87 AD2d 381, 384, *affd* 57 NY2d 947). No reasonable inference can be drawn from the present record that appellants intended to confine plaintiff or that defendant Garrett lacked reasonable cause for her belief in plaintiff's culpability. Under these circumstances, a refusal to dismiss plaintiff's cause of action would have an unjustifiably chilling

effect upon citizens voluntarily providing useful information to law enforcement authorities *(see, Stearns v New York City Tr. Auth.,* 24 Misc 2d 216, 217, *affd* 12 AD2d 451).

Finally, we note that the doctrine of the law of the case does not require us to adhere to our decision upon the prior appeal. Where, as in the instant case, substantial "new evidence [is presented] affecting the prior determination", this court may decide a different conclusion is warranted on the renewed motion *(Foley v Roche,* 86 AD2d 887). Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.