■ In the Matter of PAUL A. HEWEL et al., Appellants, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF PEEKSKILL et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondent school district, inter alia, to pay to the petitioners Hewel and Schulze, respectively, the sums of $1,420 and $1,308, with interest thereon, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Nastasi, J.), dated October 28, 1986, which is in favor of the respondents dismissing the petition.

Ordered that the judgment is reversed, on the law and the facts, with costs and the petition is granted to the extent of directing the respondents to pay to the petitioners Hewel and Schulze the sums of $1,420 and $1,308 respectively, with interest thereon as of June 28, 1982, together with the retirement credit and other benefits and emoluments of employment to which the petitioners would otherwise be entitled.

In this proceeding the petitioners are seeking to recover retirement benefits allegedly due under a policy which was first adopted by the school district in 1948 and which was amended on several occasions thereafter. In a notice of petition and petition dated October 21, 1982, the petitioners predicated their claim upon the policy as it existed in 1962. By

a decision dated April 28, 1983, and an order dated October 18, 1983, respectively, the Supreme Court, Westchester County (Cerrato, J.), properly denied the petition on the ground that no documentary evidence had been submitted to the court which showed that a Supplementary Retirement Plan had been adopted by the school district in 1962. Nevertheless, Justice Cerrato permitted the petitioners to seek disclosure in order to ascertain whether such a plan was in fact adopted in 1962. The petitioners subsequently deposed the respondents Kronheim and Rickett and by notice of motion dated June 27, 1986, the petitioners again sought to recover the benefits allegedly due them under the Supplementary Retirement Plan. However because the evidence uncovered during discovery failed to conclusively establish that a plan had been adopted in 1962, the petitioners abandoned any claim to rights under a 1962 plan and instead predicated their claims upon a plan which was adopted by the Board at its May 16, 1961, meeting. In a judgment dated October 28, 1986, the Supreme Court held that Education Law § 3813 barred the petitioners from seeking relief predicated upon a Supplementary Retirement Plan adopted in 1961. The Supreme Court further held that by virtue of the prior order of Justice Cerrato, the instant proceeding was barred by the law of the case doctrine.

Initially, we note that no formal motion was made to amend the petition to assert claims predicated upon the Supplementary Retirement Plan adopted in 1961. Nevertheless, since an examination of the record fails to reveal any prejudice to the respondents, in the interest of justice, we deem the motion papers submitted to Justice Nastasi to be an implicit application for an amendment of the petition and grant the application *(see, Murray v City of New York,* 43 NY2d 400, *rearg dismissed* 45 NY2d 966; *Stephan v Shulman,* 130 AD2d 484; *Keith v Houck,* 88 AD2d 763). Furthermore, inasmuch as the school district did not object to the petitioners' belated assertion of claims predicated upon the 1961 Supplementary Retirement Plan, any objection to the alleged failure to comply with Education Law § 3813 has been waived by the district *(see, Flanagan v Board of Educ.,* 47 NY2d 613; *Matter of Schlosser v Board of Educ.,* 47 NY2d 811). Therefore, Justice Nastasi improperly held that the petitioners' failure to comply with Education Law § 3813 warranted dismissal of the proceeding *(see, Matter of Herendeen v Board of Educ.,* 73 AD2d 817).

In addition, where, as here, substantial new evidence was submitted on the motion presented to Justice Nastasi, which

affected the prior order of Justice Cerrato, the law of the case doctrine does not bar consideration of the claims predicated upon the 1961 Supplementary Retirement Plan (see, Reeves v Manufacturers Hanover Trust Co., 117 AD2d 789, lv dismissed 68 NY2d 803; Foley v Roche, 86 AD2d 887, lv denied 56 NY2d 507). Moreover, the law of the case doctrine is only applicable as between courts of coordinate jurisdiction and does not bind this court (see, Daniec v Synthes Ltd. USA, 110 AD2d 675).

With reference to the merits, we find that the petitioners have established their entitlement to the benefits allegedly due under the 1961 Supplementary Retirement Plan. It is well settled that the bylaws of a board of education have the force and effect of a rule and regulation and are binding upon it (see, Matter of Roberts v Community School Bd., 66 NY2d 652, 654, n 2; Matter of Lehman v Board of Educ., 82 AD2d 832, 833; Matter of Agins v Board of Educ., 65 AD2d 810, 811). Thus, the petitioners correctly assert that the respondent school district would be bound by the policy adopted by the Board in 1961.

Specifically, the record reveals that on May 16, 1961, the majority of the respondent Board of Education voted to adopt a writing entitled "Retirement Policy for All Employees of City School District of Peekskill" which constituted an amendment to the Supplementary Retirement Plan originally enacted in 1948. This amendment became effective on July 1, 1961, and there is no indication in the record that the Supplementary Retirement Plan, as amended, was ever formally rescinded. Indeed, the Board of Education expressly indicated, as evidenced by the minutes of its June 1962 meeting, that it considered the Supplementary Retirement Plan to be effective. Furthermore, the record discloses that the Board has, in fact, remitted payments under the plan since 1962. We also note that the validity of the Supplementary Retirement Plan was challenged and upheld in Herreboudt v Board of Educ. (41 Misc 2d 547). Thus, contrary to the respondents' contentions, the petitioners have demonstrated that they are entitled to recover the benefits provided thereunder. Accordingly, the judgment appealed from is reversed and the petition is granted. Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.