■ MARTIN COYNE et al., Respondents, v WALTER A. BESSER, Appellant, et al., Defendant.—In a medical malpractice action, the defendant Walter A. Besser appeals from so much of an order of the Supreme Court, Queens County (Durante, J.),

dated April 28, 1989, as denied his cross motion for summary judgment dismissing the complaint insofar as it asserted against him as barred by the Statute of Limitations.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's cross motion for summary judgment dismissing the complaint insofar as it is asserted against him is granted, and the action against the remaining defendant is severed.

On December 29, 1982, the plaintiff Martin Coyne fell and broke his hip. The following day, the defendant Dr. Besser, an orthopedic surgeon, operated on Mr. Coyne, and placed Knowles pins in his hip. Mr. Coyne subsequently made several office visits to Dr. Besser, who allegedly told him that any continuing pain or soreness he then experienced was normal. After examining Mr. Coyne on July 23, 1983, Dr. Besser sent him back to work. Although a followup visit was scheduled for August 9, 1983, Mr. Coyne failed to keep the appointment. Despite the fact that he was still experiencing pain in the hip, Mr. Coyne continued to work during the ensuing year. At no time did he attempt to contact Dr. Besser. Finally, over a year later, on September 25, 1984, Mr. Coyne visited Dr. Besser who, after examining him, recommended a total hip replacement because the Knowles pins apparently had come loose. Mr. Coyne sought a second opinion and never returned to Dr. Besser for further treatment. The instant medical malpractice action was commenced against Dr. Besser by the service of a summons and complaint upon him on December 12, 1986.

CPLR 214-a provides for a tolling of the 2½-year Statute of Limitations in medical malpractice cases where there is "continuous treatment for the same illness, injury or condition". The statute also provides that the term " 'continuous treatment' shall not include examinations undertaken at the request of the patient for the sole purpose of ascertaining the state of the patient's condition" (CPLR 214-a). However, a *"timely return visit* instigated by the patient to complain about and seek treatment for a matter related to the initial treatment" *(McDermott v Torre,* 56 NY2d 399, 406 [emphasis added]) will fall within the scope of the continuous treatment doctrine *(see, McDermott v Torre, supra; see also, Rizk v Cohen,* 73 NY2d 98). The failure to make a timely return visit to seek corrective action may be viewed as a break in the continuity of treatment which is essential for the application of the doctrine *(see, Grellet v City of New York,* 118 AD2d 141, 148-149; *see also, Eagleston v Mt. Sinai Med. Center,* 144 AD2d 427).

In the instant case, there exist a number of factors which indicate that Mr. Coyne's September 25, 1984, visit to Dr. Besser constituted a resumption of treatment rather than a continuation of treatment. Here, Mr. Coyne failed to timely return to the doctor's office after the July 23, 1983, visit, failed to seek corrective treatment from Dr. Besser during the ensuing one-year interval from July 1983 to September 1984 despite the fact that he allegedly continued to feel pain in his hip, and refused to undergo corrective treatment by Dr. Besser after the September 25, 1984, visit (see, *Daniec v Synthes Ltd.,* 110 AD2d 675; *Barrella v Richmond Mem. Hosp.,* 88 AD2d 379).

Accordingly, under the circumstances of this case, the continuous treatment doctrine does not apply, and the service of the summons and complaint over three years after the July 23, 1983, visit is untimely. Brown, J. P., Kooper, Harwood and Balletta, JJ., concur.