■ EUROPE CRAFT IMPORTS, INC., Respondent, v BELCHEMCO ENTERPRISES LIMITED, Appellant, et al., Defendants.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered August 28, 1991, which denied defendant Belchemco's motion to vacate the $1,115,216.99 default judgment against it, unanimously reversed, on the law, without costs or disbursements, and the motion granted to the extent of directing a hearing on the issue of personal jurisdiction over Belchemco, as well as, if necessary, the issues of meritorious defense and excusable default, with the judgment to stand and its execution stayed pending the determination of said issue or issues.

A default judgment was obtained against Belchemco on its guaranty of certain contractual obligations of defendant Evermoon Enterprises, U.S., Inc. to plaintiff. The summons and complaint were served upon a purported "partner" of Belchemco, who, according to Belchemco's submissions on this motion, was neither a principal nor a designee of Belchemco, for service of process, but rather a principal of Evermoon. It is also alleged by a principal of Belchemco that the guaranty, as well as the "Designation of Agent for Service of Process", was unauthorized and is, in fact, a forgery, as are the minutes of a Belchemco directors meeting. Although Belchemco had earlier appeared in this action before defaulting, it has submitted, on this motion, an affidavit from the attorney who appeared ostensibly on its behalf stating that he was never authorized by Belchemco so to act. Rather, he states, he was retained by a Mr. Kuo, the president of Evermoon, to represent Evermoon, Belchemco and another defendant, Chia Moon Trading Co., Inc. (Chia), in this action and that in undertaking such representation he relied on certain representations by Mr. Kuo and various documents which appeared to confirm Mr. Kuo's authorization to act on behalf of Belchemco and Chia. According to counsel, Mr. Chou, of Chia, informed him on October 18, 1988 that all of the defendants were out of business and directed him to cease defending the matter. The default judgment was thereafter entered. The IAS Court denied the motion to vacate the default judgment on the grounds of "law of the case" based on an earlier order dated July 21, 1987 by which the court (Stecher, J.) determined the issue of personal jurisdiction, finding that Belchemco was properly served, and struck the affirmative defense that the guaranty was unauthorized.

The motion should have been granted since Belchemco submitted new evidence sufficient to warrant reconsideration of the issues of jurisdiction and fraud and the court was not bound by the law of the case doctrine *(see, Matter of Hewel v Board of Educ.,* 139 AD2d 742, 743-744). "[A] question may be reconsidered if new evidence has come to light since the initial ruling" *(Holloway v Cha Cha Laundry,* 97 AD2d 385, 386).

In the circumstances, however, we believe that the judgment should stand pending determination of the factual issues raised. Concur—Sullivan, J. P., Wallach, Kupferman and Kassal, JJ.