■ LPN CONSULTING CORP. et al., Plaintiffs, v PHARON HAMM, Respondent, et al., Defendants, and DORRETT WATSON, Nonparty Appellant. [610 NYS2d 794] —In an action to foreclose a mortgage, Dorrett Watson, the current owner of the subject premises, appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated March 11, 1992, which denied her motion to vacate a prior order of the same court, dated November 14, 1991, entered upon her default, which had granted the defendant Pharon Hamm's motion to vacate a judgment of foreclosure and sale of the same court (Levine, J.), dated August 16, 1990.

Ordered that the order is reversed, on the law, without costs or disbursements, the appellant's motion is granted to the extent of directing a hearing on the issue of whether personal jurisdiction was acquired over the appellant, and the matter is remitted to the Supreme Court, Kings County, for a hearing and determination of that issue.

The parties have submitted conflicting evidence with respect to the issue of whether the appellant was personally served with the defendant Pharon Hamm's motion to vacate the judgment of foreclosure and sale. Accordingly, a hearing on that issue is necessary (see, e.g., Europe Craft Imports v Belchemco Enters., 189 AD2d 606; Adames v New York City Tr. Auth., 126 AD2d 462).

Furthermore, the record before us is inadequate to determine the propriety of the court's authorization of alternative service of the moving papers on the appellant by certified mail. Hence, in the event that the Supreme Court determines that those papers were not personally delivered to the appellant, the court should then determine at the hearing whether service was properly effected by mail. Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.