■ LAUREL PARISI, Respondent, v GREGORY A. DEVITA et al., Appellants. [862 NYS2d 575]—

In an action to recover damages for medical malpractice and lack of informed consent, the defendants appeal from an order of the Supreme Court, Nassau County (McCabe, J.), dated June 26, 2007, which denied their motion, in effect, for summary judgment dismissing so much of the complaint as was based upon alleged acts and/or omissions occurring prior to February 19, 2002, as time-barred pursuant to CPLR 214-a.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion, in effect, for summary judgment dismissing so much of the complaint as was based upon alleged acts and/or omissions occurring prior to February 19, 2002, is granted.

On August 24, 1998, the plaintiff went to see the defendant Dr. Gregory A. DeVita for a breathing problem. Dr. DeVita concluded that the plaintiff had a deviated septum which could be corrected with surgery. On September 18, 1998, Dr. DeVita performed the surgery. The plaintiff was told that she had to see Dr. DeVita for postoperative care for about a year. The plaintiff went to see him on September 21, 1998, September 24, 1998, and October 5, 1998. She did not attend her next appointment on October 19, 1998, nor did she attend her rescheduled appointments on October 26, 1998, and November 2, 1998.

The plaintiff claimed that even though her nose was swollen and she continued to have breathing problems, she relied on Dr. DeVita's statement that she would be fine once the swelling went down. Dr. DeVita also told her that it might take more than a year for the swelling to go down. After her last follow-up appointment regarding the surgery, the plaintiff did not intend to return to Dr. DeVita. The plaintiff next went to see Dr. DeVita

on February 19, 2002. The plaintiff complained that she continued to have breathing problems and that her nose had become crooked. In the interim, the plaintiff did not seek medical attention from any other doctor regarding her condition.

Dr. DeVita operated on the plaintiff for a second time on March 25, 2002. He operated on her for a third time on October 24, 2003. The plaintiff's last scheduled appointment with Dr. DeVita was on February 2, 2004. In January 2005, the plaintiff commenced this action against Dr. DeVita and the Plastic Surgery Group, P.C., where Dr. DeVita practiced.

The defendants established their entitlement to judgment as a matter of law by demonstrating that the complaint was time-barred to the extent that it was based upon their alleged acts and/or omissions which occurred prior to February 19, 2002 (*see* CPLR 214-a). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to whether the statute of limitations was tolled pursuant to the doctrine of continuous treatment. Even though the plaintiff was advised that she had to receive post-operative care for about a year after the first surgery, after receiving less than two months of follow-up care, the plaintiff stopped going to Dr. DeVita, with no intention of returning. The plaintiff did not go back to see Dr. DeVita until February 2002. Under the circumstances, the plaintiff failed to raise a triable issue of fact as to whether she instigated a timely return visit to Dr. DeVita to complain about and seek treatment for a matter related to the initial treatment (*see McDermott v Torre*, 56 NY2d 399, 406 [1982]; *Curcio v Ippolito*, 63 NY2d 967 [1984]; *Coyne v Besser*, 165 AD2d 857 [1990]). Prudenti, P.J., Ritter, Florio and McCarthy, JJ., concur.