■ Susan Lipp et al., Respondents, v Port Authority of New York and New Jersey, Appellant. [871 NYS2d 307]—

In an order dated January 9, 2006 the Supreme Court granted the defendant's motion pursuant to CPLR 3012 (d), inter alia, to extend its time to appear and answer the complaint and, in effect, denied the plaintiffs' cross motion pursuant to CPLR 3215 for leave to enter judgment on the issue of liability upon the defendant's failure to appear or answer the complaint. In a decision and order determining a prior appeal in this action (*see Lipp v Port Auth. of N.Y. & N.J.,* 34 AD3d 649 [2006]), this Court reversed that order on the ground that the defendant failed to present any evidence of a meritorious defense, and thus denied the defendant's motion, granted the plaintiffs' cross motion, and remitted the matter to the Supreme Court, Queens County, for an inquest on the issue of damages. Upon remittitur, and prior to the inquest, the Supreme Court entered an interlocutory judgment in favor of the plaintiffs and against the defendant on the issue of liability. Eight months later, the defendant moved pursuant to CPLR 5015 (a) (1) to vacate the interlocutory judgment, alleging that it had a justifiable excuse for its default in appearing or answering the complaint and a meritorious defense. In support of its motion, the defendant purportedly submitted evidence of a potentially meritorious defense, but in the order appealed from, the Supreme Court nonetheless denied the defendant's motion. We affirm the order insofar as appealed from.

Our prior decision, which resolved the issue of whether the defendant demonstrated a meritorious defense to the action, constitutes the law of the case and is binding on the Supreme Court and on this Court as well (*see J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey,* 45 AD3d 809 [2007]; *Quinn v Hillside Dev. Corp.,* 21 AD3d 406, 407 [2005]; *Matter of Oak St. Mgt., Inc.,* 20 AD3d 571 [2005]; *Johnson v Incorporated Vil. of Freeport,* 288 AD2d 269 [2001]). The law of the case operates to foreclose re-examination of that issue absent a showing of extraordinary circumstances, such as subsequent evidence affecting the prior determination or a change of law (*see J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey,* 45 AD3d at 809; *Foley v Roche,* 86 AD2d 887 [1982]; *Matter of Yeampierre v Gut-*

*man,* 57 AD2d 898, 899 [1977]). The defendant failed to show that the evidence submitted in support of the instant motion to vacate the interlocutory judgment was unavailable at the time of its initial motion pursuant to CPLR 3012 (d) (*cf. Matter of Seltzer v New York State Democratic Comm.,* 293 AD2d 172, 174 [2002]; *Matter of Hewel v Board of Educ. of City School Dist. of Peekskill,* 139 AD2d 742, 743-744 [1988]; *Reeves v Manufacturers Hanover Trust Co.,* 117 AD2d 789, 790 [1986]). Accordingly, the defendant's motion to vacate the interlocutory judgment was properly denied. Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.