■ ESTHER YORK, Appellant, v JOSEPH YORK, Respondent. [950 NYS2d 592]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Strauss, J.), dated January 7, 2011, which denied her motion to hold the defendant in contempt for the willful violation of an order of the same court dated July 30, 2008, and directed the entry of a money judgment in her favor in the sum of only $6,000.

Ordered that the order dated January 7, 2011, is affirmed, with costs.

In an order entered January 26, 2009, in the subject divorce action, the Supreme Court denied the plaintiff's motion to hold the defendant in contempt of court for his failure to pay the plaintiff the sum of $56,000 for prospective attorney's fees, and that order was affirmed by this Court (*see York v York*, 69 AD3d 620, 620-621 [2010]). The determination that the defendant was

not in contempt of court became law of the case and became binding on the Supreme Court as well as this Court (*see Aurora Loan Servs., LLC v Grant*, 88 AD3d 929 [2011]; *J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 45 AD3d 809 [2007]; *Shroid Constr. v Dattoma*, 250 AD2d 590, 593 [1998]). "The [law of the case] doctrine forecloses re-examination of an issue absent a showing of subsequent evidence or change of law" (*Wells Fargo Bank Minn., N.A. v Perez*, 70 AD3d 817, 817 [2010], *cert denied* 562 US —, 131 S Ct 648 [internal quotation marks omitted]; *see Lipp v Port Auth. of N.Y. & N.J.*, 57 AD3d 953 [2008]). Here, the plaintiff had a full and fair opportunity to address the issues decided against her on the prior appeal and, thus, she may not raise the same arguments on this appeal. The plaintiff has not presented any newly discovered evidence.

Additionally, the Supreme Court providently exercised its discretion in directing the entry of a money judgment in favor of the plaintiff and against the defendant in the sum of only $6,000. Rivera, J.P., Dickerson, Chambers and Austin, JJ., concur.