In an action, inter alia, to partition real property and for an accounting, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated June 24, 2011, which denied his motion, among other things, to restore the action to the calendar, in effect, to dismiss the counterclaim for partition, and to limit the accounting to the date of the dissolution of the parties’ partnership.
Ordered that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to partition real property and for an accounting. After a nonjury trial, the Supreme Court entered a judgment which directed the partition and sale of the subject real property, directed the parties to proceed to an accounting and, in effect, directed that the proceeds of the sale of the subject property be divided equally between the parties. The plaintiff appealed, and this Court mod *770 ified the judgment by deleting the provision thereof which, in effect, directed that the proceeds of the sale of the subject property be divided equally between the parties, and substituting therefor a provision directing that the plaintiff shall receive a credit for one half of the down payment and closing costs incurred in the purchase of the subject property, together with interest at a rate of 8% per annum from the date of closing, and that any proceeds thereafter remaining after all appropriate adjustments are made in the course of an accounting shall be divided equally between the parties (see Czernicki v Lawniczak, 74 AD3d 1121, 1122 [2010]).
The plaintiff subsequently moved in the Supreme Court, inter alia, to restore the action to the calendar, in effect, to dismiss the counterclaim for partition, and to limit the accounting to the date of the dissolution of the parties’ partnership. The Supreme Court denied the motion. The plaintiff appeals.
Inasmuch as the plaintiffs contentions were raised or could have been raised in the prior appeal in this matter, the contentions are either barred by the doctrine of the law of the case (see York v York, 98 AD3d 1042, 1043 [2012]; Matter of Martinez v Torres, 95 AD3d 1215 [2012]) or have been waived (see Dimery v Ulster Sav. Bank, 82 AD3d 1034 [2011]; New York Tel. Co. v Supervisor of Town of Oyster Bay, 35 AD3d 417, 418 [2006]). Mastro, J.P., Rivera, Chambers and Lott, JJ., concur.