Laboy v City of New York (2018 NY Slip Op 02244)





Laboy v City of New York


2018 NY Slip Op 02244


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Friedman, J.P., Tom, Kapnick, Singh, JJ.


6120 17190/99

[*1]George Laboy, As Executor of the Estate of Carmen Figueroa, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents.


The Law Office of Maury B. Josephson, P.C., Uniondale (Maury B. Josephson of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Susan Paulson of counsel), for respondents.



Order, Supreme Court, Bronx County (Eddie J. McShan, J.), entered September 19, 2016, which, in this employment discrimination action, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The failure of plaintiff's decedent to file any notice of the discrimination claims which are asserted in this action was fatal to the claims against defendants (see Education Law § 3813[1]). Defendants did not waive this defense, as they raised it before the court of original jurisdiction (see Flanagan v Board of Educ., Commack Union Free School Dist., 47 NY2d 613, 617 [1979]; Robinson v Board of Educ. of City Sch. Dist. of City of N.Y., 104 AD3d 666, 667 [2d Dept 2013]), and plaintiff's contention that the cursory form notice of administrative appeal from the unsatisfactory rating on the decedent's annual performance evaluation for the 1995-1996 school year satisfied the Education Law's notice of claim requirement, is unavailing. The notice of administrative appeal informed defendants only that the decedent was appealing the unsatisfactory rating and gave no notice of her claims that she was discriminated against (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 547 [1983]; Gastman v Department of Educ. of City of N.Y., 60 AD3d 444 [1st Dept 2009], lv denied 12 NY3d 711 [2009]).
It is further noted that the action was untimely. The decedent received her unsatisfactory rating in 1996 and the action was not commenced until 1999, well beyond the applicable
one-year statute of limitations (see Stembridge v New York Dept. of Educ., 88 AD3d 611 [1st Dept 2011], lv denied 19 NY3d 802 [2012]; Education Law § 3813[2-b]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK