Pascual v Rustic Woods Homeowners Assn., Inc. (2019 NY Slip Op 04393)





Pascual v Rustic Woods Homeowners Assn., Inc.


2019 NY Slip Op 04393


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-04085
 (Index No. 101146/13)

[*1]Renato J. Pascual, et al., appellants, 
v
Rustic Woods Homeowners Association, Inc., et al., respondents, et al., defendant.


Renato J. Pascual, Staten Island, NY, appellant pro se, and Aida A. Pascual, Staten Island, NY, appellant pro se (one brief filed).
Romer Debbas, LLP, New York, NY (Emil A. Samman and Leanna Barbieri of counsel), for respondent Rustic Woods Homeowners Association, Inc.
Boyd Richards Parker Colonnelli, P.L., New York, NY (Bryan J. Massola and Russell J. Edwards of counsel), for respondent Kathleen Fogarty, President, Rustic Woods Condominium I.



DECISION & ORDER
In an action, inter alia, for permanent injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated February 21, 2017. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiffs own a unit at Rustic Woods Condominium I (hereinafter the Condominium), and are members of Rustic Woods Homeowners Association, Inc. (hereinafter the Homeowners Association). In July 2013, the plaintiffs commenced this action against the Homeowners Association, Kathleen Fogarty, as president of the Condominium, and Cooper Square Realty, Inc., the Condominium's managing agent, alleging that two special assessments were improperly included on their bills for common charges. Immediately after issue was joined, the plaintiffs moved for summary judgment on the complaint. In an order dated December 17, 2013, the Supreme Court, inter alia, denied the plaintiffs' motion. By decision and order dated December 23, 2015, this Court, inter alia, affirmed the order insofar as reviewed (see Pascual v Rustic Woods Homeowners Assn., Inc., 134 AD3d 1003).
In October 2016, before any discovery was conducted in the action, the plaintiffs again moved for summary judgment on the complaint setting forth the same arguments and relying on the same evidence as on their previous motion for summary judgment. In an order dated February 21, 2017, the Supreme Court, inter alia, denied the motion on the ground that it was barred by the law of the case doctrine. The plaintiffs appeal.
" An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, . . . [and] operates to foreclose re-examination of [the] question absent a showing of subsequent evidence or [a] change of law'" (Matter of Norton v Town of Islip, 167 AD3d 624, 626, quoting J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d 809, 809 [citations and internal quotation marks omitted]; see US Bank, N.A. v Morrison, 160 AD3d 679, 680; Congel v Malfitano, 141 AD3d 64, 70, mod on other grounds 31 NY3d 272; Madison Acquisition Group, LLC v 7614 Fourth Real Estate Dev., LLC, 134 AD3d 683, 684; Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 101 AD3d 1034, 1036). On the prior appeal based on the same arguments and evidence, this Court considered, and rejected, the plaintiffs' contention that they established their entitlement to judgment as a matter of law. The plaintiffs have not demonstrated new factual circumstances, additional relevant evidence, or a change in the law which would warrant reconsideration of this issue (see Matter of Norton v Town of Islip, 167 AD3d at 626; Breidbart v Wiesenthal, 136 AD3d 851, 852; Czernicki v Lawniczak, 103 AD3d 769, 770; York v York, 98 AD3d 1042, 1043).
Accordingly, we agree with the Supreme Court's determination to deny the plaintiffs' motion.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court