Matter of Child A. (Parent M.) (2024 NY Slip Op 03423)

Matter of Child A. (Parent M.)

2024 NY Slip Op 03423

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2021-03434

[*1]In the Matter of Child A. (Anonymous). Parent M. (Anonymous), et al., appellants; Spence-Chapin Services to Families & Children, et al., respondents; Peter K. Kelly, nonparty-respondent. (Proceeding No. 1)
In the Matter of Child C. (Anonymous). Parent M. (Anonymous), et al., appellants; Spence-Chapin Services to Families & Children, et al., respondents; Peter K. Kelly, nonparty-respondent. (Proceeding No. 2) (File Nos. 46725/14, 46726/14)

Alexander M. Dudelson, Brooklyn, NY, for appellants.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (John G. Farinacci and Lois Bladykas of counsel), for nonparty-respondent.

DECISION & ORDER
In two related proceedings to "deny[ ] recognition" of an order of adoption pursuant to Domestic Relations Law § 111-c, or, in the alternative, to vacate the order of adoption pursuant to Domestic Relations Law § 114(3), the petitioners appeal from an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated March 17, 2021. The order granted the motion of nonparty Peter K. Kelly, the guardian ad litem, for an award of an interim attorney's fee in the sum of $53,000 for all services rendered through August 5, 2015, payable by the petitioners.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioners were the adoptive parents of two Russian-born children (hereinafter together the children) pursuant to an order of adoption entered in 2008 by a Russian court (hereinafter the adoption order). In June 2014, the petitioners commenced these proceedings to "deny[ ] recognition" of the adoption order pursuant to Domestic Relations Law § 111-c, or, in the alternative, to vacate the adoption order pursuant to Domestic Relations Law § 114(3) on the grounds of fraud and newly discovered evidence. In July 2014, the Surrogate's Court appointed a guardian ad litem for the children (hereinafter the GAL).
As relevant on this appeal, by order dated November 30, 2015, the Surrogate's Court awarded the GAL an interim attorney's fee in the sum of $100,000 for all services rendered through August 5, 2015, payable by the petitioners.
The petitioners appealed from the November 30, 2015 order, arguing, inter alia, that [*2]the Surrogate's Court should have apportioned the GAL's fee amongst the parties, and that the payment of the GAL fee should be made from public funds pursuant to Judiciary Law § 35(7). This Court rejected those arguments, but modified the order by reducing the GAL interim attorney's fee award to the sum of $53,000 upon consideration of, among other things, the nature and extent of the services, the nature of the issues involved, and the results achieved (see Matter of Child A. [Parent M.], 164 AD3d 781, 782-783).
During the pendency of the aforementioned appeal, this Court rendered a decision and order on a separate appeal in these proceedings by the respondents Spence-Chapin Services to Families and Children and Cradle of Hope Adoption Center, Inc., from an order of the Surrogate's Court dated March 16, 2015. That order denied those respondents' separate motions to dismiss the proceedings insofar as asserted against each of them on various grounds, including lack of subject matter jurisdiction. This Court determined that the Surrogate's Court "lacked authority" under Domestic Relations Law § 111-c to deny recognition of the adoption order, and also "lacked authority" under Domestic Relations Law § 114(3) to vacate the adoption order (Matter of Child A. [Parent M.], 145 AD3d 874, 876-877).
On or about November 12, 2020, the GAL moved for an award of an interim attorney's fee in the sum of $53,000 for all services rendered through August 5, 2015, payable by the petitioners. The petitioners opposed the motion. By order dated March 17, 2021, the Surrogate's Court directed the petitioners to pay the GAL an interim attorney's fee in the sum of $53,000.
The petitioners appeal from the order dated March 17, 2021, arguing that the Surrogate's Court lacked subject matter jurisdiction to render an attorney's fee award. The petitioners further contend that the award was improper, as it was not authorized by applicable statutes.
"An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court" (Wells Fargo Bank, N.A. v Archibald, 211 AD3d 1081, 1082; see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 205 AD3d 727, 727-728; Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 181 AD3d 690, 691). The doctrine of the law of the case operates to foreclose re-examination of the issue absent a showing of subsequent evidence or change of law (see Martin v City of Cohoes, 37 NY2d 162, 165; Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d 756, 757; Matter of Norton v Town of Islip, 167 AD3d 624, 626). The law of the case doctrine generally precludes a party from raising an argument on a subsequent appeal that "w[as] raised or could have been raised" on a prior appeal (Hudson City Sav. Bank v Berry, 178 AD3d 686, 687; see Czernicki v Lawniczak, 103 AD3d 769, 770).
Here, the petitioners' arguments regarding the award of an interim attorney's fee to the GAL either were or could have been raised on the prior appeal from the order dated November 30, 2015. Further, the petitioners point to no new evidence or intervening change in the law which would warrant re-examination of the issue of the GAL fee award. Under these circumstances, the decision and order of this Court on that prior appeal precludes re-examination of these issues (see Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d at 757; Matter of Norton v Town of Islip, 167 AD3d at 626; Breidbart v Wiesenthal, 136 AD3d 851, 852).
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court