■ In the Matter of FRED HABERMAN, Petitioner, v THOMAS SOBOL, as Commissioner of Education, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent which suspended petitioner's license to practice medicine in New York.

Petitioner is a physician licensed to practice medicine in New York and New Jersey. It is undisputed that from 1978 to 1982 petitioner, a doctor of osteopathy, used the degree designation "M.D." after his name rather than "D.O.". Petitioner's use of the "M.D." designation resulted in disciplinary charges in New Jersey based on this misrepresentation. In January 1985, the New Jersey State Board of Medical Examiners issued a final order against petitioner, upon his consent, which determined that petitioner had knowingly identified himself with an academic degree he did not possess and imposed the sanction of a reprimand and a fine of $2,500.

Two years later, a direct referral proceeding was commenced against petitioner in this State by the Office of Professional Medical Conduct. This proceeding was based solely on the acts committed in New Jersey which resulted in the January 1985 final order of the New Jersey State Board of Medical Examiners *(see,* Education Law § 6509 [5] [b]). A hearing was held before the Regents Review Committee, which found that the charge against petitioner had been proven by a preponderance of the evidence and unanimously recommended that petitioner's license be suspended for two years, with the last 21 months stayed and petitioner placed on probation for that period. The Board of Regents accepted the findings and recommendation of the Regents Review Committee and a final order was issued by respondent. Petitioner commenced this CPLR article 78 proceeding to review respondent's determination.

At the outset, we note that petitioner has waived his objec-

tion to the sufficiency of the charges by failing to raise it at the administrative hearing *(see, Matter of Sasson v Commissioner of Educ.,* 127 AD2d 875, 876). In any event, this contention is without merit; the statement of charges was adequate to enable defendant to prepare and present a defense *(see, Matter of Widlitz v Board of Regents,* 77 AD2d 690, 691, *lv denied* 51 NY2d 706). Petitioner likewise failed to preserve the contention that the determination must be annulled because the acts underlying the New Jersey order would not constitute professional misconduct if committed in New York. However, this contention is meritless since the New Jersey order found that petitioner had acted knowingly and this is sufficient to support a finding of unprofessional conduct under Education Law § 6509 (9) and 8 NYCRR 29.1 (b) (12) regardless of whether it could also be considered fraudulent under Education Law § 6509 (2).

Finally, we reject petitioner's contention that the penalty imposed by respondent, in light of all the circumstances, was excessively harsh. In our view, it was within respondent's discretion to impose a penalty which amounts to a 3-month suspension and a 21-month probationary period.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.