■ In the Matter of the Claim of KERMIT PETTY, SR., Deceased, Respondent, v DRESSER INDUSTRIES et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [750 NYS2d 341] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed April 18, 2001, which determined that the employer's workers' compensation carrier is to be reimbursed after 260 weeks of benefit payments.

Decedent worked as a chipper on the employer's premises from June 1947 through December 1977. During his employment, he was exposed to silica sand which led to his diagnosis in July 1993 of silicosis/pneumoconiosis. He died May 14, 1997 (at the age of 85) in the last stages of silicosis. A Workers' Compensation Law Judge ruled that decedent's death was caused by an "occupational disease," as defined by Workers' Compensation Law § 3 (2) (29), and awarded death benefits to his widow. In addition, it was held that under Workers' Compensation Law § 15 (8) (ee), the Special Funds Conservation Committee (hereinafter Special Funds) would be liable to reimburse the employer for decedent's death benefits at the end of a 260-week waiting period beginning May 14, 1997, the date of decedent's death. The employer appealed to the Workers' Compensation Board from that part of the Workers' Compensation Law Judge's decision holding that the waiting period for reimbursement from Special Funds would be 260 weeks. The Board affirmed.

On its appeal to this Court, the employer and its workers' compensation carrier contend that under Workers' Compensation Law § 15 (8) (ee), their reimbursement by Special Funds should commence after 104 weeks, beginning July 15, 1993, the date which, they argue, should be considered decedent's "date of disablement" as it was the date when he was first diagnosed with silicosis. Pursuant to Workers' Compensation Law § 15 (8) (ee), if a claimant's "date of accident or date of disablement" occurred prior to August 1, 1994, the waiting period is 104 weeks; however, if it occurred after August 1, 1994, the waiting period is 260 weeks.

We agree that if July 15, 1993 had been established by the Board as decedent's date of disablement, the waiting period would be 104 weeks because the date of disablement would

have preceded August 1, 1994. That is not, however, the case here where no specific date of disablement was ever designated. No claim for workers' compensation benefits was made prior to decedent's death; hence, the Board was never called upon to establish a date of disablement nor was any medical evidence presented to the Board supporting the date of July 15, 1993 as decedent's date of disablement.* Accordingly, the Board ruled that in the absence of a date of disablement, decedent's date of death triggered the waiting period with a duration of 260 weeks.

The Board held in a somewhat similar case that where no claim for benefits was made during decedent's life, and the claim for death benefits is the first and only claim that has been filed, it is the date of the decedent's death that constitutes the date of disablement (*Occidental Chem. Co.*, 2002 WL 376471 [NY Workers' Compensation Bd.]). According deference to the Board's interpretation of a statute that it drafted and that involves the application of "technical terms within the agency's expertise, so that interpretation or application of legislative language entails '* * * evaluation of factual data and inferences to be drawn therefrom'" (*Judd v Constantine*, 153 AD2d 270, 272, quoting *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459; *see Tucker v New York City Health & Hosps. Corp.*, 188 AD2d 34, 38-39), we decline to disturb its ruling in this matter that the date of death triggers the waiting period in cases where no claim for benefits was made during decedent's life. As that date is subsequent to August 1, 1994, the waiting period was properly found to be 260 weeks (*see* Workers' Compensation Law § 15 [8] [ee]).

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* The only direct medical evidence in the record supporting the assertion that July 15, 1993 was the date when decedent was first diagnosed with silicosis is a reference thereto in a report submitted by the physician retained to review decedent's medical records after his death for the purpose of establishing that he died from causally-related silicosis.