■ In the Matter of DAVID BURR, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [778 NYS2d 324]—

Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered October 22, 2003 in Ulster County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

Petitioner, an inmate at a maximum security correctional facility, was placed in protective custody at his request. Based upon his protective custody status, petitioner was submitted for a transfer. The transfer was denied due to the vicious nature of the crime for which he was convicted—which involved stabbing the murder victim 168 times. Supreme Court subsequently dismissed petitioner's CPLR article 78 proceeding challenging the denial of his transfer and this appeal ensued.

Notwithstanding petitioner's assertion that, in accordance with 7 NYCRR part 330, he should be placed in a security facility with a lower classification and closer to his family in order to facilitate his transition back into the general population, it is well settled that an inmate has no right to select the correctional facility at which he or she will be incarcerated (*see Matter of Gregg v Scully*, 108 AD2d 748, 749 [1985], *lv denied* 65 NY2d 601 [1985]). Moreover, petitioner has demonstrated no circumstances warranting this Court's interference with respondent's broad discretion regarding petitioner's transfer to another facility regardless of his protective custody status (*see Matter of Partee v Bennett*, 253 AD2d 950 [1998]; *Matter of Inman v Coughlin*, 131 AD2d 900 [1987]).

Spain, J.P., Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.