(October 22, 2004)

■ In the Matter of GEORGE F. JOHNSON MEMORIAL LIBRARY et al., Appellants, v GAIL SPRINGER, as Clerk of the Town of Union, et al., Respondents. [783 NYS2d 138]—

Per Curiam. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered October 4, 2004 in Broome County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel respondents to certify a certain ballot proposition.

Petitioners are two public libraries located in the Town of Union, Broome County, seeking to submit the following ballot proposition to voters at the November 2004 general election: "Shall the annual contribution for the Town of Union for the operating budget of [petitioner] George F. Johnson Memorial Library be set at $815,200.00 and the annual contribution to [petitioner] Your Home Public Library be set at $557,821.00?" Petitioners currently do not receive any funding from the Town; the George F. Johnson Memorial Library is funded by the Village of Endicott and the County, and Your Home Public Library is funded by the Village of Johnson City and the County. A petition was circulated among qualified voters of the town, addressed to respondent Town Clerk, requesting that the proposition be placed on the ballot at the November 2, 2004 election. Petitioners presented the petition to the Town Clerk after receiving endorsements from the board of trustees of each library and significantly more than the number of signatures required by Education Law § 259 (1) (b) (1), which allows qualified voters to petition to place the question of "increasing" the amount of funding for the operating budget of a public library on the ballot at the next general election of the municipality. The Town Clerk, however, refused to certify the proposition to the Broome County Board of Elections on the ground that "the proposition is not clearly authorized" because it seeks to "*increase* the funding to [certain] levels from a zero level of funding" (emphasis in original), i.e., to establish a new appropriation to fund the libraries, rather than increase an existing level of funding.

Petitioners thereafter commenced this proceeding pursuant to CPLR article 78 seeking to compel respondents to certify the ballot proposition. Determining that Education Law § 259 (1) (b) (1) applies only when a municipality has already established

funding of a library, Supreme Court dismissed the petition. Petitioners appeal and we now reverse.

Generally, " '[m]andamus lies to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought' " (*Matter of Harper v Angiolillo,* 89 NY2d 761, 765 [1997], quoting *Matter of Legal Aid Socy. of Sullivan County v Scheinman,* 53 NY2d 12, 16 [1981]). The remedy will not lie to compel an act involving the exercise of judgment or discretion; its availability "depends 'not on the [petitioners'] substantive entitlement to prevail, but on the nature of the duty sought to be commanded—i.e., mandatory, nondiscretionary action' " (*Matter of Brusco v Braun,* 84 NY2d 674, 679 [1994], quoting *Matter of Hamptons Hosp. & Med. Ctr. v Moore,* 52 NY2d 88, 97 [1981]). As relevant here, Town Law § 81 provides that a town board shall, upon a petition, submit at a general election any proposition "[t]o vote upon or determine any question . . . which may lawfully be submitted, pursuant to this chapter or any general or special law" (Town Law § 81 [1] [e]). Moreover, Election Law § 4-108 (1) (b) requires that a municipal clerk transmit to the board of elections a certified copy of a proposition, which "as provided by law is to be submitted to a vote of the people" of that municipality. Inasmuch as respondents do not dispute that petitioners met the procedural requirements of Education Law § 259 (1) (b) (1), the dispositive issue is whether that provision affords the Town Clerk any discretion to refuse to certify the proposition to the Broome County Board of Elections under the circumstances presented here. We conclude that it does not and, thus, the petition to compel certification must be granted.

The Education Law provides, with certain exceptions not relevant here: "[W]henever qualified voters of a municipality, in a number equal to at least ten per centum of the total number of votes cast in such municipality for governor at the last gubernatorial election, shall so petition and the library board of trustees shall endorse, the question of *increasing* the amount of funding of the annual contribution for the operating budget of a registered public or free association library by such municipality to a sum specified in said petition, shall be voted on at the next general election of such municipality, provided that due public notice of the proposed action shall have been given" (Education Law § 259 [1] [b] [1] [emphasis added]). Respondents concede that a change from no funding to a specific amount of funding would be an increase. That is, the literal language of the statute permits the voters of a municipality to petition to have the question of increasing the amount of a public library's

funding placed on the ballot and includes no express limitation prohibiting such a petition when the municipality is not currently funding the public library. Thus, we agree with petitioners that, on its face, the statute authorizes the proposition at issue even though the Town does not currently fund either library.

Respondents argue, however, that an increase of an appropriation from nothing to any higher level amounts to an imposition of a tax. They assert that, under Education Law § 255 (1) and § 259 (1) (a), only certain enumerated authorities, such as a town board, may impose a tax to fund a public or free association library and that the public may create annual appropriations only for school district and special district libraries. Even assuming for the purposes of this decision that the use of the term "increase" is ambiguous and may suggest the limit on public participation that respondents advance, a review of the legislative history confirms that the statute was intended to apply even where a municipality currently provides no funding.

The Senate sponsor of the bill indicated that the statute was meant to "provide voters an opportunity to directly influence funding for local public library services" (Letter from Hugh T. Farley, July 14, 1985, Bill Jacket, L 1995, ch 414, at 8). The provision was drafted to accomplish this purpose by extending to voters served by public libraries in most municipalities the same opportunity to vote on library funding as that enjoyed by voters served by school district and special district libraries (see id.; Senate Introducer Mem in Support, Bill Jacket, L 1995, ch 414, at 7; Assembly Mem in Support, Bill Jacket, L 1995, ch 414, at 6). As noted above, respondents concede that voters served by school district and special district libraries are authorized to impose appropriations, even where no funding via taxes is currently provided, to support those libraries. Thus, it follows that the Legislature, in seeking to enact a "mechanism [that] is similar to the existing one for . . . voting on funding [for] school district public libraries and special district public libraries" (Assembly Mem in Support, Bill Jacket, L 1995, ch 414, at 6; see Senate Introducer Mem in Support, Bill Jacket, L 1995, ch 414, at 7), intended to extend the same right to voters in municipalities served by public libraries, such as petitioners, even if those municipalities currently provide no funding to libraries serving their voters. Indeed, the provision was addressed to the inequity created when "the residents of some municipalities that *do not fund a library* or that contribute very little to library funding are permitted to use the same facilities that the residents of municipalities that contribute much more are using" (Governor's Mem approving L 1995, ch 414, Bill Jacket, at 5 [emphasis

added]; *see* Assembly Mem in Support, Bill Jacket, L 1995, ch 414, at 6 [stating that the provision would mitigate the consequences of "inequities in library funding between neighboring communities [that] prompt patrons from the lower—*or non-funding municipality* to travel to the higher-funding municipality's library to use its services" (emphasis added)]). Accordingly, given that it is our primary duty in interpreting a statute to ascertain and give effect to the Legislature's intent (*see Riley v County of Broome,* 95 NY2d 455, 463 [2000]; McKinney's Cons Laws of NY, Book 1, Statutes § 92), we conclude that respondents must be compelled to comply with the terms of Education Law § 259 (1) (b) (1) and to certify the proposition to the Broome County Board of Elections.

Mercure, J.P., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, petition granted and respondent Gail Springer, Town Clerk for the Town of Union directed to certify the following proposition to the Broome County Board of Elections: "Shall the annual contribution for the Town of Union for the operating budget of the George F. Johnson Memorial Library be set at $815,200.00 and the annual contribution to Your Home Public Library be set at $557,821.00?"