■ In the Matter of REGINALD SWINTON, Appellant, v BRION D. TRAVIS, as Chair of the Board of Parole, et al., Respondents. [792 NYS2d 207]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Stein, J.), entered March 29, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, compel respondent Chair of the Board of Parole to accept a late administrative appeal of a decision revoking his parole.

Petitioner, an inmate serving a state prison sentence, was released to parole supervision in May 1983. Subsequently, as a result of further criminal activity, he was charged with violating the terms of his parole. A parole revocation hearing was held, which culminated in a final decision in October 1985 by the Board of Parole revoking petitioner's parole, and he was reincarcerated. A notice of appeal was never filed with respect to this decision. In April 1986, petitioner was convicted of robbery in the first degree and burglary in the first degree, the crimes providing the basis for the parole violation.

In August 2002, petitioner requested an out of hub transfer to the Collins Correctional Facility in Erie County. In October 2002, he was transferred instead to the Gouverneur Correctional Facility in St. Lawrence County. As a result, he filed a grievance challenging the transfer and asserting that he had requested a transfer to a facility offering the family reunion program. His grievance was ultimately denied and, in August 2003, this determination was upheld by the Central Office Review Committee.

In the meantime, in May 2003, petitioner made a request to respondent Chair of the Board of Parole to appeal the 1985 decision revoking his parole and sought the assistance of the Legal Aid Society of the City of New York in pursing this appeal. No response was received from the Chair, and Legal Aid declined to provide further assistance to petitioner based upon his 1986 felony convictions.

In September 2003, petitioner commenced this CPLR article 78 proceeding in the nature of mandamus to compel (1) the Chair to accept his late administrative appeal of the 1985 parole revocation decision, (2) respondent Unit Director of the Parole Revocation Defense Unit of Legal Aid to provide him with legal

assistance with respect to such appeal, and (3) respondent Commissioner of Correctional Services to honor his request for a transfer to a facility with a family reunion program. Following service of an answer by the Chair and Commissioner, and a motion to dismiss by the Unit Director, Supreme Court dismissed the petition in its entirety, resulting in this appeal.

Initially, we note that inasmuch as petitioner's 1986 convictions, by operation of law, automatically superseded the 1985 parole revocation decision (*see* Executive Law § 259-i [3]; *see also Matter of Welch v Travis*, 292 AD2d 658, 658-659 [2002], *lv denied* 98 NY2d 604 [2002]; *Matter of Adams v New York State Div. of Parole*, 278 AD2d 621, 621 [2000]), an appeal of that decision and petitioner's challenge to Legal Aid's refusal to assist him with such appeal are moot. Secondly, the Commissioner's determinations of whether petitioner should be transferred to a specific correctional facility (*see Matter of Taylor v Kennedy*, 159 AD2d 827, 827 [1990]) or permitted to participate in a family reunion program (*see Matter of Payne v Goord*, 12 AD3d 733, 734 [2004]) are discretionary in nature and not subject to a CPLR article 78 proceeding seeking relief in the nature of mandamus (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]; *Matter of George F. Johnson Mem. Lib. v Springer*, 11 AD3d 804, 806 [2004]; *Matter of Dyno v Hillis*, 274 AD2d 908, 909 [2000], *appeal dismissed* 95 NY2d 958 [2000], *lv denied* 96 NY2d 706 [2001]). Therefore, we find that Supreme Court properly dismissed the petition.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.