■ In the Matter of MARTIN SBRIGLIO et al., Appellants, v ANTONIA C. NOVELLO, as Commissioner of Health, Respondent. [845 NYS2d 147]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Lynch, J.), entered June 14, 2006 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioners' request for a refund of a certain application fee.

In 1993, the Public Health Council (hereinafter PHC) contingently approved petitioners' application for the establishment of a residential health care facility in the City of Newburgh, Orange County. Shortly thereafter, a representative of respondent contingently approved petitioners' application setting forth the scope and concept for construction of the facility. Petitioners then paid respondent a capital value fee (*see* Public Health Law § 2802 [7]) of $74,101.05 in satisfaction of one of the listed contingencies and, after obtaining approval to increase the proposed cost of their project, paid an additional fee of $3,524.26.

Subsequently, petitioners sought to amend their application by, among other things, changing the location of the nursing home site, increasing the capacity of the adult day-care program and increasing the cost of the project again. In 2000, respondent indicated that the original application was deemed to be amended and superceded, issued a new application number, and announced a temporary moratorium on the review of applications that had not yet received approval to start construction. In October 2004, after the moratorium was lifted, the PHC disapproved petitioners' amended application.

Following disapproval of their application, petitioners elected not to request a public hearing (*see* Public Health Law § 2801-a [2]) and instead sought a refund of the fee paid to respondent in connection with the original application. Respondent refused to return the fee, asserting that petitioners' original application had been approved. Petitioners then commenced this CPLR article 78 proceeding challenging respondent's refusal to refund the fee. Supreme Court dismissed the petition, concluding that respondent's interpretation of Public Health Law § 2802 (7) as requiring payment of the fee upon contingent approval of the original application was rational. Petitioners appeal and we now reverse.

Approval of the "establishment or incorporation" of a nursing home is governed by Public Health Law § 2801-a and is within the purview of the PHC, while approval of the "construction" of a nursing home is governed by Public Health Law § 2802 and is within respondent's authority.[1] During the relevant time period, applicants were required to pay an initial $1,000 application fee and, "[a]t such time as [respondent's] *written approval* [was] granted," an additional fee of 0.4% of the total capital value of the application (Public Health Law former § 2802 [7] [emphasis added]). The regulations implementing section 2802 contemplate three distinct "approvals" by respondent within the construction application process: first, the applicant must obtain approval of the "scope and concept of the project," which may be made subject to contingencies (10 NYCRR 710.2 [entitled "Application; project scope and concept"]); second, after satisfaction of the contingencies and the applicant's provision of additional information required by 10 NYCRR 710.4 and 710.5, respondent determines whether to approve the application (*see* 10 NYCRR 710.6 [entitled "Determination by the commissioner"]); and, finally, the applicant must obtain approval to start construction of the project (*see* 10

---

1. The application process is commonly referred to as the Certificate of Need or CON review process.

NYCRR 710.7 [a] [entitled "Approval to start construction"]). The question before us is which of the three separate approvals triggered payment of the 0.4% capital value fee. Respondent maintains that the initial scope and concept approval under 10 NYCRR 710.2—the only type of approval obtained by petitioners in connection with their original application—is "written approval" sufficient to trigger payment of the capital value fee under Public Health Law § 2802 (7), even if the application is ultimately disapproved. We disagree.

In our view, the words "written approval" in Public Health Law § 2802 (7) are not used in any "technical" sense "such that [respondent] has a greater competence in interpreting the statute than the courts" (*Matter of Judd v Constantine*, 153 AD2d 270, 272-273 [1990]). Thus, the question presented here "is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, [and] there is little basis to rely on any special competence or expertise of the administrative agency" (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]; *see Matter of Angello v Labor Ready, Inc.*, 7 NY3d 579, 583 [2006]). With that in mind, we note that it is well established that contingent approval from either respondent or the PHC is "not tantamount to final approval of [a] certificate of need application. The agencies have the 'power to re-evaluate an initial determination of public need for establishment of a hospital where [the] initial determination ha[s] not received final approval' " (*Sheffield Towers Rehabilitation & Health Care Ctr. v Novello*, 293 AD2d 182, 186 [2002], quoting *Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 91 [1981]; *see Matter of Jay Alexander Manor v Novello*, 285 AD2d 951, 952-953 [2001], *lv denied* 97 NY2d 610 [2002]). Indeed, it has long been recognized that "[t]he tentative nature of [such] administrative determination[s] clearly render[s] [them] subject to reconsideration by the agency" (*Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d at 93).[2]

In accord with that recognition, respondent's regulations provide that it is at the second stage of the construction application process—that reflected in 10 NYCRR 710.6—that results in the critical "Determination by the commissioner." As explained in an affidavit from the former director of respondent's Office of Health Systems Management, a contingent scope and concept approval of the application merely "authorizes the applicant to

---

2. The tentative nature of the scope and concept approval is further illustrated by the fact that final approval was made contingent to and dependent upon payment of the capital value fee itself. Had petitioners not paid the fee, they could not have obtained final written approval.

proceed with further steps in the construction approval process." It is not until "receiving and reviewing the documentation required by 10 NYCRR 710.4[,] the documentation and recommendations related to any amendments to the application under 10 NYCRR 710.5[,] and after all applicable outstanding contingencies have been satisfied" that respondent "determines whether to approve an application" pursuant to 10 NYCRR 710.6 (a).

Although, as respondent contends, the statute expressly provides that the fees are to be charged "to recover departmental costs in performing" the functions involved in the construction approval process (Public Health Law § 2802 [7]) and respondent's services are required prior to giving scope and concept approval, the capital value fee nonetheless applies only to *approved* projects. Contrary to respondent's argument, it is not merely the outlay of services that triggers the fee; as petitioners assert, an application disapproved at the scope and concept stage—requiring the same output of services—indisputably does not require payment of the fee. Rather, Public Health Law § 2802 (7) provides that the fee is due when respondent's "written approval is granted" and, as described above, respondent's determination of whether to approve an application for construction is made pursuant to 10 NYCRR 710.6. Accordingly, in the absence of language in Public Health Law § 2802 (7) suggesting that "written approval" means "contingent or tentative approval," as opposed to a determination by respondent regarding whether to grant approval, we reject respondent's assertion that the scope and concept approval given under 10 NYCRR 710.2 (e) (1) triggers the fee as contrary to the clear wording of the statutory provision (*see generally Matter of Angello v Labor Ready, Inc.*, 7 NY3d at 583).[3] Inasmuch as petitioners received only contingent approval under 10 NYCRR 710.2 (e) (1), respondent's refusal to refund their capital value fee was arbitrary, capricious and contrary to law.

Petitioners' remaining arguments have been considered and found to be lacking in merit.

Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, peti-

---

3. We are unpersuaded by petitioners' argument that the capital value fee requirement is not triggered until respondent grants permission to *start* construction under 10 NYCRR 710.7. The statute requires the fee upon "written approval" of an "application for construction" (Public Health Law § 2802 [7]), not upon approval to start construction. Again, the determination whether to approve an application is made pursuant to 10 NYCRR 710.6 and it is at that point that the fee is triggered.

tion granted, and respondent is directed to refund the $77,625.31 capital value fee to petitioners.