■ In the Matter of ALFREDO LUGO, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [853 NYS2d 747]—

In May 2006, petitioner, an inmate at Wyoming Correctional Facility in Wyoming County, requested an area of preference transfer to a correctional facility closer to his home. After petitioner was informed that he was not eligible for such transfer because his status code of "REU" for academic programming indicated that he was negatively removed from the program due to unacceptable attendance, participation or progress, he filed a grievance. The grievance was ultimately denied by the Central Office Review Committee. Petitioner thereafter commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, prompting this appeal.

We affirm. At Wyoming Correctional Facility, only inmates who successfully participate in major programming, and obtain certain status codes during quarterly reviews, are eligible to request area of preference transfers. Inasmuch as petitioner did not obtain one of the acceptable status codes for his academic programming, the denial of petitioner's grievance was not irrational or arbitrary and capricious (*see Matter of Williams v Goord*, 41 AD3d 1118, 1118 [2007], *lv denied* 9 NY3d 812 [2007]; *Matter of Kalwasinski v Goord*, 36 AD3d 1068, 1069 [2007], *lv*

*denied* 8 NY3d 811 [2007]). In any event, even if petitioner were eligible to request an area of preference transfer, "it is well settled that an inmate has no right to select the correctional facility at which he or she will be incarcerated" and the Commissioner of Correctional Services retains broad discretion to coordinate inmate transfers (*Matter of Burr v Goord*, 8 AD3d 853, 854 [2004]; *see* Correction Law § 23 [1]; *Matter of Partee v Bennett*, 253 AD2d 950, 950 [1998]).

Peters, J.P., Rose, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.