◼ In the Matter of ROBERTO CIAPRAZI, Respondent, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Appellant. [854 NYS2d 320]—

Rose, J. Appeal from a judgment of the Supreme Court (Mc-Namara, J.), entered April 18, 2007 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Dep-

uty Commissioner of Correctional Services denying petitioner's request to be transferred to Romania.

Petitioner, while an inmate at Sing Sing Correctional Facility in Westchester County, requested transfer to Romania for the remainder of his sentence under the authority conferred upon respondent Commissioner of Correctional Services pursuant to Correction Law § 71 (1-b) and the international Convention on the Transfer of Sentenced Persons. On behalf of the Commissioner, respondent Deputy Commissioner and Counsel for the Department of Correctional Services, replied that, "[i]n accordance with New York State Correction Law § 5 (4), inmates serving life sentences are not allowed to participate in the prison transfer program." Petitioner then commenced this proceeding pursuant to CPLR article 78, seeking a judgment annulling the Deputy Commissioner's decision. Supreme Court granted the petition to the extent of holding that petitioner's service of a sentence with a maximum term of life imprisonment does not make him ineligible for transfer, and remanded the matter for consideration of his application. Respondents now appeal, contending that Supreme Court misinterpreted the Correction Law.

We disagree. Since the question presented is one of pure statutory construction and the words of the statute are clear, no deference is owed to the Deputy Commissioner's decision (*see e.g. Matter of Angello v Labor Ready, Inc.*, 7 NY3d 579, 583 [2006]; *Matter of Palminteri v Lex Fire Protection Corp.*, 23 AD3d 745, 746 n [2005]). As Supreme Court correctly noted and respondents now concede in their brief, the plain language of Correction Law § 5 (4) shows a legislative intent to confer authority on the Commissioner to convert a person's indeterminate sentence to a determinate sentence "where such conversion is necessary to make such person eligible for transfer either to federal custody or to foreign countries." Its exception of a person serving a sentence with a maximum term of life imprisonment serves only to limit the authority to convert such a person's indeterminate sentence. Where a conversion is not necessary, the statute has no application since it does not describe when a person is or is not eligible for transfer. Rather, eligibility for transfer is governed by Correction Law § 71 (1-b) and the regulations promulgated thereunder. That statute and its regulations, however, were not the basis of the Deputy Commissioner's decision to deny petitioner's transfer and we cannot reverse on their basis because our review is limited to the grounds cited in the agency's decision (*see Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 678 [1997]; *Matter of Lippman v*

*Public Empl. Relations Bd.,* 296 AD2d 199, 207-208 [2002], *lv denied* 99 NY2d 503 [2002]). Similarly, we cannot reverse based upon respondents' further claim that petitioner's sentence would need to be converted to qualify for transfer to Romania because the decision cited no such need.

Accordingly, we find no error or abuse of discretion in Supreme Court's determination that petitioner is not ineligible due to his maximum term of life imprisonment under the provisions of Correction Law § 5 (4). However, inasmuch as Supreme Court was not asked to consider whether the regulations promulgated under Correction Law § 71 (1-b) would render petitioner ineligible, yet its decision appears to finally determine that he is eligible for transfer, the judgment must be modified to make clear that petitioner's eligibility has not been affirmatively determined.

Peters, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as determined that petitioner is eligible for transfer, and, as so modified, affirmed.