■ In the Matter of PRICE CHOPPER OPERATING COMPANY, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [859 NYS2d 293]—

Peters, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained certain Alcoholic Beverage Control Law charges and imposed a civil penalty.

On September 22, 2005, the Albany County Sheriff's Department sent a 17-year-old agent into petitioner's grocery store in the Town of Bethlehem, Albany County, where she purchased alcohol without producing identification. Thereafter, respondent charged petitioner with violating Alcoholic Beverage Control Law § 65 (1) by selling alcoholic beverages to a person under the age of 21 and Alcoholic Beverage Control Law § 100 (2-a) by permitting a person under 18 years old to sell alcoholic beverages. Upon a hearing before an Administrative Law Judge (hereinafter ALJ), petitioner did not dispute the sale to the underage customer, focusing instead upon the statutory exception to the sale of alcoholic beverages by an underage cashier (*see* Alcoholic Beverage Control Law § 100 [2-a] [2]). Thereafter, the ALJ issued written findings of fact and a recommended decision sustaining both charges. Respondent adopted the ALJ's determination and imposed a civil penalty of $8,000. This CPLR article 78 proceeding ensued.

Initially, petitioner's challenge regarding the sufficiency of the allegations in the notice of pleading is unpreserved for our review (*see Matter of McLean v City of Albany*, 13 AD3d 851, 852-853 [2004]; *Matter of Lane Constr. Corp. v Cahill*, 270 AD2d 609, 611 [2000], *lv denied* 95 NY2d 765 [2000]; *Matter of Haberman v Sobol*, 138 AD2d 838, 838-839 [1988]). Turning to the merits, we find substantial evidence to support respondent's determination that petitioner violated Alcoholic Beverage Control Law § 100 (2-a), which prohibits the employment of a person

under 18 years of age where the duties of such person permit him or her to sell, dispense or handle alcoholic beverages. An exception to this statutory prohibition permits a person under 18 who is employed as a cashier by a grocery store or pharmacy "to record and receive payment for beer and wine product sales when in the presence of and under the direct supervision of a person eighteen years of age or over" (Alcoholic Beverage Control Law § 100 [2-a] [2]).

The sale at issue occurred at an easy-scan self checkout, where the underage cashier was responsible for several terminals. Petitioner's front-end supervisor testified that she was standing near the cashier's easy-scan register when his screen flashed, indicating that an alcohol purchase was being made at a self checkout terminal. The supervisor then observed the cashier walking over to the customer and, *assuming* that the cashier would acquire the customer's identification, turned and walked away to check on other cashiers. The ALJ found that "[m]erely making an assumption that a[n] . . . underage cashier would use the correct judgment, and then walking away," does not satisfy the exception contained in Alcoholic Beverage Control Law § 100 (2-a) (2).

The parties ascribe differing definitions to the words "in the presence of" and "under the direct supervision of" contained in Alcoholic Beverage Control Law § 100 (2-a) (2). As these words are not used in "any 'technical' sense" and the interpretation of this statute does not involve the knowledge and understanding of underlying operational practices (*Matter of Sbriglio v Novello*, 44 AD3d 1212, 1214 [2007] [citation omitted]; *see Matter of Petty v Dresser Indus.*, 299 AD2d 619, 620 [2002]; *Matter of Judd v Constantine*, 153 AD2d 270, 272-273 [1990]), " 'the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, [with] little basis to rely on any special competence or expertise of the administrative agency' " (*Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 231 [1996], quoting *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]; *see Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd.*, 8 NY3d 226, 231 [2007]). Nevertheless, we conclude that respondent properly interpreted Alcoholic Beverage Control Law § 100 (2-a) (2) in finding that the sale of beer did not occur "in the presence of and under the direct supervision of" a person 18 years old or over.

Because "the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain

meaning thereof" (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]; *see Matter of Kern v New York State Dept. of Civ. Serv.*, 288 AD2d 674, 675 [2001]). Beginning here, the plain language of the statutory exception at issue permits a grocery store cashier under the age of 18 to record and receive payment for beer only when "in the *presence of* and under the *direct supervision of*" a person who is at least 18 years old (Alcoholic Beverage Control Law § 100 [2-a] [2] [emphasis added]). Significantly, the original draft of the amendment which added this exception solely provided that the minor cashier could perform such duties when "under the *supervision* of a person eighteen years of age or over" (NY Assembly Bill A1363, at 2, Bill Jacket, L 1969, ch 462 [emphasis added]). We perceive no logical reason for the Legislature to incorporate the additional descriptive language into the final version of the statute other than to require something more than general supervision of cashiers who are under 18 years old when such persons are engaging in a sale of beer. In our view, the plain meaning of this statutory language requires both physical proximity to and direct observation of the cashier while he or she goes through the process of transacting the beer sale.*

Here, the supervisor neither observed the cashier obtain the identification from the customer nor waited to see if he checked it. Furthermore, the supervisor was not present when the cashier either entered a false birth date or used the override button (for persons appearing to be over 40) so as to continue the checkout process. Indeed, this is the precise type of situation that the Legislature sought to avoid by including the safeguards into the exception, contemplating that the "measure of supervision" called for in the amendment would provide adequate protection against underage drinking and the "tendency on the part of such minors to sell beer to other minors" (Mem of State Liq Auth, at 2, Bill Jacket, L 1969, ch 462). Thus, we find substantial

---

* Notably, the legislative history of this provision reveals that, prior to its amendment which provided for the statutory exception at issue here, the law required "the cashier . . . to ring for a person over the age of eighteen to register the beer sale" (Introducer's Mem to Comm on Commerce, Indus and Economic Dev, Bill Jacket, L 1969, ch 462). Thus, under the law as it existed prior to the amendment, a cashier under the age of 18 had to go through the time-consuming process of calling for an employee over the age of 18, switching places with the adult while the latter recorded the sale, and then switching places yet again so as to resume checking-out the customer. By amending this statute, the Legislature clearly envisioned that these "additional duties" of actually completing the sale—i.e., verifying that the customer is of legal age to purchase alcohol and entering such information in the cash register—would "be performed in the presence of a person over 18 years of age" (Letter from St Dept of Commerce, Apr. 8, 1969, Bill Jacket, L 1969, ch 462).

evidence to support respondent's determination that the conduct of petitioner's supervisor did not satisfy the exception contained in Alcoholic Beverage Control Law § 100 (2-a) (2) (*see generally Matter of Miller v DeBuono*, 90 NY2d 783, 793 [1997]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]).

Finally, we agree with petitioner's assertion that the penalty invoked by respondent was excessive in light of petitioner's efforts to ensure compliance, and reduce the fine to $1,000.

Carpinello, Kane, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is modified, without costs, by reducing the penalty to $1,000, and, as so modified, confirmed.