(October 17, 2008)

■ In the Matter of GEORGE F. JOHNSON MEMORIAL LIBRARY et al., Respondents, v TOWN BOARD OF TOWN OF UNION et al., Appellants, et al., Respondents. [865 NYS2d 727]—

Per Curiam. Appeal from a judgment of the Supreme Court (Lebous, J.), entered October 6, 2008 in Broome County, which granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, compel respondents to omit a certain proposition from the ballot at the November 4, 2008 general election.

Petitioners George F. Johnson Memorial Library and Your Home Public Library (hereinafter collectively referred to as the libraries) are public libraries located within the Town of Union

in Broome County. Prior to 2004, they were funded solely by revenues received from the respective villages in which they are located, as well as Broome County. In 2004, the libraries sought to increase funding through the imposition of a library tax on town taxpayers by submitting a ballot proposition in accordance with Education Law § 259 (1) (b) (1) to voters in the November 2004 general election. When the Town Clerk of respondent Town of Union refused to certify the proposition to respondent Broome County Board of Elections, a CPLR article 78 proceeding ensued that resulted in a decision of this Court holding that the proposition was authorized by the statute and directing the Town Clerk to certify it (*Matter of George F. Johnson Mem. Lib. v Springer*, 11 AD3d 804, 807 [2004]). The ballot proposition was subsequently approved by the voters and the libraries have been receiving funding from the Town since that time.

In an effort to obtain the first increase in funding for the libraries since the original ballot proposition was approved, petitions were circulated among qualified voters during the summer of 2008 to place such a proposition on the ballot at the November 4, 2008 general election. The proposition was endorsed by the libraries' boards of trustees and the requisite number of voter signatures was obtained. It was then submitted to the Town Clerk for certification to the Broome County Board of Elections for placement on the ballot. Respondent Town Board, in turn, adopted a resolution directing that a competing proposition be placed on the ballot that would eliminate all town funding for the libraries effective December 31, 2009.

In response, the libraries and petitioner Janet Ottman, a town resident and qualified voter, commenced this combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment seeking, among other things, to have the Town's proposition declared invalid and omitted from the ballot at the November 4, 2008 general election. Following joinder of issue, Supreme Court found that the Town's proposition was not authorized by Education Law § 259 and granted the petition. This appeal by the Town, the Town Board, individual members of the Town Board and respondent Town Supervisor ensued.

We are called upon once again to interpret the provisions of Education Law § 259. The authority to submit ballot referendums regarding library funding to voters in municipalities that are not served by school district libraries—as opposed to the authority of a town board to appropriate library funding—is found only in Education Law § 259 (1) (b) (1). The statute provides, in relevant part, that whenever 10% of the voters within a municipality petition, and a library board of trustees

endorses, "the question of establishing or increasing the amount of funding of the annual contribution for the operating budget of a registered public . . . library by such municipality to a sum specified in said petition, [such question] shall be voted on at the next general election of such municipality" (Education Law § 259 [1] [b] [1]). In essence, the statute allows local residents of a municipality to vote in favor of taxes specifically directed for purposes of library funding, independent of a municipality's appropriation of taxes (*see* Education Law § 259 [1] [a], [b] [1]). As noted by the sponsor of the legislation, the statute was enacted for the purpose of giving " 'voters an opportunity to directly influence funding for local public library services' " (*Matter of George F. Johnson Mem. Lib. v Springer*, 11 AD3d at 807, quoting Letter from Sen. Hugh T. Farley, July 14, 1985, Bill Jacket, L 1995, ch 414, at 8).

. The question before us here is whether Education Law § 259 permits the Town to put before voters a ballot proposition seeking to decrease or eliminate library funding.[1] "[T]he starting point in any case of [statutory] interpretation must always be the language itself, giving effect to the plain meaning thereof" (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]; *see Matter of Price Chopper Operating Co., Inc. v New York State Liq. Auth.*, 52 AD3d 924, 925-926 [2008]; *see also* McKinney's Cons Laws of NY, Book 1, Statutes § 76). Except where voters are served by school district libraries, the statute limits the permissible subject of a ballot proposition to "establishing or increasing the amount of [library] funding" (Education Law § 259 [1] [b] [1]; *compare* Education Law § 259 [1] [a]). It is difficult to conceive how such terms could be interpreted to permit a ballot proposition decreasing or eliminating funding as the Town's ballot proposition seeks to do. Moreover, while the Town argues that its general grant of authority under Education Law § 259 (1) (a) to appropriate and change library funding includes the authority to submit the ballot proposition here to voters, its construction of the statute could very well lead to absurd results. As noted by petitioners, if a town is permitted to place on the ballot a referendum that conflicts with a proposition to increase funding, there is a possibility that the voters could approve both propositions, creating an irrational result.

Indeed, the Town's construction is inconsistent with the clear legislative intent of the statute as is evidenced by the memo-

---

1. We do not consider whether the Town may decrease funding through methods other than a ballot proposition inasmuch as it has taken no actions in that regard and the issue is not otherwise properly before us.

randa and documentation contained in the Bill Jacket (*see* Bill Jacket, L 1995, ch 414). The legislation was applauded by supporters for giving local residents of a municipality direct control over the funding of their public libraries irrespective of a municipality's allocation of its tax revenues (*see e.g.* Senate Introducer Mem in Support, Bill Jacket, L 1995, ch 414, at 7; Letter from St Educ Dept, Bill Jacket, L 1995, ch 414, at 17). Those who opposed the bill recognized that it would interfere with a municipality's discretion to determine the total amount of local property tax revenues used to fund public libraries and would render local budget implementation inflexible by failing to provide a mechanism to revise the decision to increase funding if budgetary conditions changed (*see* Mem of NY St Conference of Mayors and Mun Officers, Bill Jacket, L 1995, ch 414, at 23; Budget Rep on Bills, Bill Jacket, L 1995, ch 414, at 11-12).

In light of the above, we are of the view that the Town's ballot proposition seeking to eliminate funding for the libraries is not authorized. Furthermore, even assuming a ballot referendum to decrease funding is permissible, there is no evidence that the Town's ballot proposition was either initiated by a petition of 10% of the voters or was endorsed by the libraries' boards of trustees, two necessary requirements of Education Law § 259 (1) (b) (1). Thus, it would fail for these reasons as well.[2] We have considered the many arguments for upholding the proposition and find that they are either unpreserved for our review, as in the case of the Town's constitutional arguments, or are lacking in merit. Therefore, Supreme Court properly granted the petition.

Mercure, J.P., Spain, Rose, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.

(October 22, 2008)

**2.** We note that subdivision (1) (a) of Education Law § 259 has recently been amended to conform the mechanism for placing ballot proposals before voters served by school district libraries to the mechanism in place in subdivision (1) (b) (1)—only budget proposals approved by library boards of trustees may be placed before the voters to "eliminate the potential for multiple and conflicting library budget proposals on the same ballot" (Senate Introducer Mem in Support, Bill Jacket, L 2007, ch 184, at 6).