■ In the Matter of NIKOLAI GECETCHKORI, Appellant, v ANTHONY J. ANNUCCI, as Deputy Commissioner of Correctional Services, et al., Respondents. [908 NYS2d 755]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Sackett, J.), entered December 14, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Deputy Commissioner of Correctional Services denying petitioner's request to be transferred to the Republic of Georgia.

Petitioner was convicted of murder in the second degree and is currently serving a prison sentence of 23 years to life. He sought approval from respondent Commissioner of Correctional Services for a transfer to the Republic of Georgia (*see* Convention on the Transfer of Sentenced Persons, 35 UST 2867, TIAS No. 10824 [1983]; Correction Law § 71 [1-b]; 7 NYCRR 130.2).[1] Acting on the Commissioner's behalf, respondent Deputy Commissioner of Correctional Services denied petitioner's applica-

---

**1.** The Convention on the Transfer of Sentenced Persons requires the consent of the nations involved in a potential transfer, and the United States has advised other signatories that it will not consent "where a sentenced person has been convicted by a state of the United States of crimes under the laws of that state and is in the custody of authorities of that state, . . . unless the competent state authorities first give their consent" (Declaration of United States to Convention on the Transfer of Sentenced Persons, Sept. 2, 1997, available at http://conventions.coe.int/Treaty/Commun/ListeDeclarations.asp? NT=112&CM=1&DF=9/19/2007&CL=ENG&VL=1 [accessed Oct. 4, 2010]).

tion, citing the seriousness of the crime, petitioner's lack of family ties in Georgia and the failure of Georgian authorities to indicate whether they could administer an indeterminate life sentence. Petitioner submitted new information to address those concerns, but the Deputy Commissioner adhered to his original determination.[2] This CPLR article 78 proceeding followed, and petitioner now appeals from Supreme Court's dismissal of the petition.

We affirm. An inmate does not have a right to be transferred to a foreign nation, and the Commissioner "retain[s] sole and absolute authority to approve or disapprove an inmate's application for transfer" (Correction Law § 71 [1-b]). Contrary to petitioner's contention, prison officials enjoy broad discretion in determining whether to permit a transfer—be it intrastate, interstate or international—and the absence of detailed statutory or regulatory guidelines for the exercise of that discretion does not render Correction Law § 71 invalid (see Olim v Wakinekona, 461 US 238, 244-251 [1983]; Montanye v Haymes, 427 US 236, 242-243 [1976]; Bagguley v Bush, 953 F2d 660, 662-663 [DC Cir 1991], cert denied 503 US 995 [1992]; Scalise v Thornburgh, 891 F2d 640, 649 [7th Cir 1989], cert denied 494 US 1083 [1990]). Nor do we perceive any abuse of discretion in the Deputy Commissioner's refusal to approve the requested transfer that would warrant judicial intervention (see Matter of Burr v Goord, 8 AD3d 853, 854 [2004]; Matter of Partee v Bennett, 253 AD2d 950, 950 [1998]).

Petitioner's remaining contentions have been considered and found to be without merit.

Peters, J.P., Rose, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

 ---

2. After that determination, Georgian officials indicated that they were willing to accept petitioner were he transferred, although his sentence would have to be adapted in an unspecified manner to comport with Georgian law. As that information was not before the Deputy Commissioner, we cannot consider it in assessing whether the determination was an abuse of discretion; nothing, however, prevents petitioner from noting the Georgian government's position should he reapply for a transfer, which he will shortly be entitled to do (see CPLR 7803 [3]; Matter of Fanelli v New York City Conciliation & Appeals Bd., 90 AD2d 756, 757 [1982], affd 58 NY2d 952 [1983]).