■ In the Matter of ROBERTO CIAPRAZI, Appellant, v ANTHONY J. ANNUCCI, as Deputy Commissioner of Correctional Services, et al., Respondents. [911 NYS2d 260]—

Rose, J.P. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered January 14, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Deputy Commissioner of Correctional Services denying petitioner's request to be transferred to Romania.

Petitioner, a Romanian national, is presently serving a prison sentence of 25 years to life for a number of crimes, including kidnapping in the first degree, burglary in the first degree and robbery in the first degree. He submitted a request to the Commissioner of Correctional Services to be transferred to Romania for the remainder of his sentence (*see* Convention on the Transfer of Sentenced Persons, 35 UST 2867, TIAS No. 10824 [1983]; Correction Law § 71 [1-b]). The Commissioner's designee, respondent Deputy Commissioner of Correctional Services, initially found petitioner ineligible for transfer pursuant to Correction Law § 5 (4), a point with which we disagreed (*Matter of Ciaprazi v Goord*, 50 AD3d 1270, 1271-1272 [2008]). The Deputy Commissioner thereafter denied petitioner's request on the merits, citing the seriousness of the crimes for which petitioner was convicted, his failure to accept responsibility for them, and objections to the transfer from prosecutors and petitioner's victims. After failing to obtain administrative redress, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and petitioner appeals.

We affirm. Petitioner does not have a right to be transferred to a foreign nation, and the Commissioner "retain[s] sole and absolute authority to approve or disapprove [petitioner's] application for transfer" (Correction Law § 71 [1-b]; *see e.g. Bagguley v Bush*, 953 F2d 660, 662 [DC Cir 1991], *cert denied* 503 US 995 [1992]).* Upon our review of the record, we cannot say that the Deputy Commissioner abused that broad discretion here (*see Matter of Lugo v Goord*, 49 AD3d 1114, 1115 [2008], *lv*

---

* Although petitioner enjoys a limited right to associate with family members while incarcerated, he is not per se entitled to any "specific means for such communication," such as face-to-face contact with members of his family residing in Romania (*Matter of Walton v New York State Dept. of Correctional Servs.*, 13 NY3d 475, 491 [2009]; *see Overton v Bazzetta*, 539 US 126, 131 [2003]). Petitioner may communicate with his family members in a number of ways, and his inability to physically associate with them "is merely

*denied* 10 NY3d 714 [2008]; *Matter of Burr v Goord*, 8 AD3d 853, 854 [2004]).

Petitioner's remaining contentions have been considered and, to the extent they are properly before us, found to be without merit.

Lahtinen, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

 a fortuitous consequence of the fact that he must be confined" (*Olim v Wakinekona*, 461 US 238, 248 n 9 [1983]).