■ In the Matter of JACK DAVIS, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [916 NYS2d 850]—

Appeal from a judgment of the Supreme Court (McGrath, J.), entered February 4, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services transferring petitioner to another correctional facility.

After petitioner was transferred from Fishkill Correctional Facility in Dutchess County to Mid-State Correctional Facility in Oneida County, he commenced this CPLR article 78 proceeding, alleging, among other things, that his transfer was in retaliation for concerns he had expressed in his role on the inmate liaison committee about the alleged misappropriation of funds

from vending machines. Supreme Court dismissed the petition, and this appeal ensued.

We affirm. Initially, we note that the Commissioner of Correctional Services maintains broad discretion to transfer inmates from one correctional facility to another and an inmate has no right to remain at a particular facility (*see* Correction Law § 23 [1]; *Matter of Lugo v Goord*, 49 AD3d 1114, 1115 [2008], *lv denied* 10 NY3d 714 [2008]; *Matter of Salahuddin v Coughlin*, 222 AD2d 950, 951-952 [1995], *lv denied* 88 NY2d 806 [1996], *cert denied* 519 US 937 [1996]). Here, contrary to petitioner's unsubstantiated allegations, the record demonstrates that his transfer was precipitated by a physical altercation with another inmate, who claimed that petitioner had been attempting to extort him. Thus, petitioner has demonstrated no circumstances that would warrant this Court's interference with the Commissioner's broad discretion regarding transfers (*see Matter of Burr v Goord*, 8 AD3d 853, 854 [2004]). We have examined petitioner's remaining contentions and find them to be without merit.

Cardona, P.J., Peters, Rose, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.