Clark, J.
Appeals (1) from a judgment of the Supreme Court (Demarest, J.), entered April 12, 2013 in St. Lawrence County, which, among other things, partially dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to compel respondents to release an unredacted investigative report, and (2) from an order of said court, entered September 30, 2013 in St. Lawrence County, which denied petitioner’s motion for reconsideration.
Petitioner was formerly employed as an assistant superintendent by respondent Massena Central School District. In 2011, she filed a complaint with respondent Board of Education of the Massena Central School District, asserting that District Superintendent Roger Clough, among others, had engaged in discrimination and harassment against her. She further alleges that she was forced to retire in 2012 due to retaliation. The Board appointed independent counsel, Michaela Perrotto, to investigate petitioner’s complaint.
Upon Perrotto’s completion of her final report recommending that the complaint be dismissed, petitioner requested a copy of the full report and a hearing on appeal before the Board, but was refused. Petitioner then commenced this CPLR article 78 proceeding, seeking to compel the Board to release the full Perrotto report to her pursuant to the District’s regulations and to hold an evidentiary hearing on her appeal of Perrotto’s findings. As relevant here, Supreme Court determined that petitioner had the right to a hearing before the Board and to a copy of the report, but directed the Board to submit the report for in camera review given the confidential nature of the disclosures contained in it. Following review, the court concluded that the report was “inappropriate for comprehensive redaction,” and issued judgment directing that only the findings and conclusion be disclosed.* Petitioner appeals from the judgment, as well as from a subsequent order denying her motion to renew and reargue.
Petitioner argues that Supreme Court erred in failing to *1067 compel respondents to release the full Perrotto report to her pursuant to the Board’s policies and regulations. Mandamus to compel lies “to enforce a clear legal right where the public official has failed to perform a duty enjoined by law” (New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184 [2005]; accord Matter of Schmitt v Skovira, 53 AD3d 918, 920 [2008]). The remedy, however, is available only “to compel a governmental entity or officer to perform a ministerial duty, [and] does not lie to compel an act which involves an exercise of judgment or discretion” (Matter of Brusco v Braun, 84 NY2d 674, 679 [1994]; see New York Civ. Liberties Union v State of New York, 4 NY3d at 184). The parties are in agreement that the Board’s policy No. 3121 and its accompanying implementing regulation set forth respondents’ duties here. As petitioner asserts, it is well settled that absent conflict with a statute, the rules and regulations promulgated by a board of education have the force of law and are binding upon it (see Board of Educ. of City School Dist. of City of Lockport v Licata, 42 NY2d 815, 816 [1977]; Matter of Newel v Board of Educ. of City School Dist. of Peekskill, 139 AD2d 742, 744 [1988]). Thus, the dispositive question on this appeal is whether policy No. 3121 and regulation No. 3121R afford the Board any discretion to refuse to release the full Perrotto report to petitioner (see Matter of Brusco v Braun, 84 NY2d at 679; Matter of George F. Johnson Mem. Lib. v Springer, 11 AD3d 804, 806 [2004]). We conclude that they do not.
Regulation No. 3121R provides that harassment complaints will be made first to a designated complaint officer, who is required to assure all parties that “complaints and discussions will remain as confidential as possible, and will be disclosed only on a ‘need to know’ basis in order to effectively investigate the complaint [or] as mandated by law or court order.” The regulation further specifies that “a written record of the investigation and any action taken will be established,” and contemplates that the complainant will receive a copy of the complaint officer’s report. Specifically, the regulation states that the complainant may appeal to the superintendent “[i]f not satisfied with the complaint officer’s report,” which necessarily implies that the complainant will have received the complaint officer’s report. The regulation also mandates that both “[t]he complainant and the accused will receive a copy of any and all reports issued by the [superintendent pertaining to the investigation/outcome of the formal complaint.” If either party is unsatisfied with the superintendent’s resolution, he or she may appeal to the Board, which must conduct a hearing and “issue a written response to the complainant and the accused.”
*1068 Inasmuch as petitioner’s complaint was made against the superintendent, the Board modified its procedure in this instance by accepting her initial complaint and appointing Perrotto to investigate the allegations. Thus, while in the normal course under regulation No. 3121R, petitioner would have received both a copy of the complaint officer’s report and all reports issued by the superintendent on either the investigation or the outcome of the proceeding, no report was issued by the superintendent. Rather, Perrotto prepared a written report of the investigation, as the regulation requires of both the complaint officer and the superintendent. Although petitioner argued to the Board that regulation No. 3121R mandates disclosure, the Board maintains that it correctly provided her with only the three-page conclusion section of the 73-page report because the regulation requires the release only of the superintendent’s report.
In our view, the Board’s interpretation is inconsistent with the language of the regulation, which is mandatory and dictates that the complainant and the accused will have received at least one report “pertaining to the investigation/outcome of the formal complaint” prior to the Board holding a hearing on the matter. Even assuming that Perrotto was appointed to perform only the complaint officer’s role — as opposed to the superintendent’s role — in the adjudicatory structure set forth in the regulation, a complainant is entitled to a copy of the complaint officer’s report under the regulation. Nevertheless, respondents failed to provide either the complainant or this Court with a copy of the report.
We note that Supreme Court concluded that the entirety of the report should not be released because it is “more or less a journal . . . full of conjecture and hearsay and all kinds of materials that were, maybe, proper for [Perrotto] to consider in reaching her conclusions, but certainly didn’t need to be put into that kind of report.” The quality and style of the report, however, does not impact petitioner’s right to receive it under regulation No. 3121R. Under these circumstances, petitioner has established both a clear legal right to relief and that the duty to disclose the report was nondiscretionary. Accordingly, respondents must be compelled to comply with the terms of regulation No. 3121R and release the full Perrotto report to petitioner (see Matter of Brusco v Braun, 84 NY2d at 680; Matter of George F. Johnson Mem. Lib. v Springer, 11 AD3d at 806-808).
The parties’ remaining arguments are either meritless or academic. In addition, to the extent that petitioner appeals from *1069 the denial of her motion to reargue, no appeal lies (see e.g. Matter of Torpey v Town of Colonie, N.Y., 107 AD3d 1124, 1126 [2013]). Moreover, her challenge to the denial of her motion, insofar as she sought renewal, is now academic. Respondents’ argument that petitioner failed to exhaust her administrative remedies prior to commencing this proceeding patently lacks merit inasmuch as respondents refused to provide a hearing on appeal before the Board until Supreme Court directed them to do so.
Lahtinen, J.R, McCarthy, Garry and Lynch, JJ., concur.
Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially dismissed petitioner’s application; petition granted in its entirety; and, as so modified, affirmed. Ordered that the order is affirmed, without costs.

 In addition, Supreme Court denied a motion by Clough, who had left the District’s employ, to intervene.