*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 17, 2015                    520195
_____

In the Matter of JOHN
    MUGGELBERG,
                        Appellant,

        v
                                          MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  August 10, 2015

Before:  Peters, P.J., Lahtinen, Egan Jr. and Rose, JJ.

                    _____


        John Muggelberg, Sonyea, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kate H.
Nepveu of counsel), for respondent.


                    _____


        Appeal from a judgment of the Supreme Court (LaBuda, J.),
entered December 2, 2014 in Sullivan County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to, among other things, review a determination of the
Central Office Review Committee denying petitioner's grievance.

        Petitioner is an inmate at Livingston Correctional
Facility, which is located in what the Department of Corrections
and Community Supervision (hereinafter DOCCS) designates as the
Wende Hub.  Relying on DOCCS Directive No. 4017 (IV) (c),
petitioner sought a transfer to another correctional facility
within that hub to accommodate visitation by his father, who has
limited mobility.  After his offender rehabilitation coordinator
refused to submit his intra-hub transfer request finding that it

was impermissible, he filed a grievance.  The Central Office Review Committee ultimately denied the grievance, finding that neither the directive nor department policy permits inmate requests for intra-hub facility transfers, and that the directive permits such transfers only "for departmental or programmatic needs" but not for "inmate preference."  Petitioner thereafter commenced this CPLR article 78 proceeding challenging the denial of his grievance, seeking, among other relief, an order compelling respondent to process his request to be transferred to another facility in the Wende Hub.  Supreme Court dismissed the petition, prompting this appeal.

We affirm.  Respondent has broad discretion in deciding whether to transfer inmates from one correctional facility to another, and an inmate has no right to be housed at any particular facility (see Correction Law § 23; Matter of Davis v Fischer, 81 AD3d 1011, 1012 [2011], lv dismissed 17 NY3d 921 [2011]; Matter of Lugo v Goord, 49 AD3d 1114, 1115 [2008], lv denied 10 NY3d 714 [2008]).  Mandamus to compel does not lie to compel the performance of a discretionary decision (see Matter of Borrell v New York State Div. of Parole, 123 AD3d 1206, 1206-1207 [2014], lv denied 25 NY3d 901 [2015]; Matter of Swinton v Travis, 16 AD3d 851, 853 [2005]).  Moreover, the interpretation of the directive as not permitting intra-hub transfer requests by inmates is rational and, therefore, the determination that his request for such a transfer was not permissible was not arbitrary and capricious (see Matter of Davis v Fischer, 76 AD3d 1152, 1152 [2010]; Matter of Binkley v New York State Dept. of Correctional Servs., 64 AD3d 1063, 1063-1064 [2009], lv denied 13 NY3d 886 [2009]; Matter of Fullwood v Lamy, 28 AD3d 1016, 1016 [2006]).

With regard to his claim that DOCCS' policy violates his right to equal protection, petitioner has not shown that he was treated differently than "similarly situated" inmates or that any disparate treatment was based upon "impermissible considerations" (Matter of State of New York v Myron P., 20 NY3d 206, 211 [2012] [internal quotation marks and citation omitted]).  Petitioner's remaining claims are either unpreserved or lack merit.

Peters, P.J., Lahtinen, Egan Jr. and Rose, JJ., concur.

-3- 520195

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court