■ Town of Conklin, Respondent, v Douglas Ritter, Appellant. [728 NYS2d 298] —Peters, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered August 24, 2000 in Broome County, which, *inter alia*, granted plaintiff's motion for partial summary judgment, and (2) from the judgment entered thereon.

Defendant is the owner of a four-unit apartment building in the Town of Conklin, Broome County. As a result of an inspection of such building in 1998 by plaintiff's Code Enforcement Officer, Kevin Coates, this action was commenced to enforce certain provisions of subchapter F of the Uniform Fire Prevention and Building Code (hereinafter the Building Code; 9 NYCRR 1240.1 *et seq.*) and plaintiff's local zoning code.

After joinder and discovery, plaintiff moved for partial summary judgment as to those violations of the Building Code alleging the existence of bat feces in the attic, a blocked exit or leaking roof in two apartments, and inadequate structural support of the building through the use of stones, bricks or stacked cinder blocks. The proffer included an affidavit from counsel which annexed, *inter alia*, defendant's deposition transcripts in which he admitted the conditions forming the basis of the cited violations as well as an affidavit by Coates detailing the deficiencies and violations noted during his inspections of such premises. Coates' affidavit further included copies of photographs supporting his claims. In response, defendant averred that since Coates did not confirm, during his deposition testimony, that he actually witnessed some of the specific violations cited (such as the presence of bats or their feces in the building) and could not detail the specific State law or regulation violated, he remains unclear as to the basis for the violations charged. For these reasons, he countered that an award of partial summary judgment was premature. Supreme Court disagreed and granted plaintiff's motion for partial summary judgment. Defendant appeals.[1]

Preliminarily, we reject defendant's contention that the maintenance provisions of the Building Code would not be applicable to the subject building since it was in existence prior

---

1. Defendant's request for a stay of enforcement of Supreme Court's order was denied by this Court.

to the enactment thereof (see, L 1981, ch 707, § 19) for all of the reasons detailed by Supreme Court in its decision and order dated November 5, 1999.[2]

As to the grant of the motion for partial summary judgment, we agree that defendant failed to produce evidentiary proof in admissible form sufficient to establish the existence of a triable issue of fact in response to plaintiff's prima facie showing (see, Zuckerman v City of New York, 49 NY2d 557, 560). The Building Code details that "[b]uildings and structures shall be maintained free of insect, vermin and rodent harborage and infestation" (9 NYCRR 1242.9), thereby requiring a building owner to undertake the extermination thereof and the elimination of their harborage (see, 9 NYCRR 1245.1 [i]). In light of defendant's admission in his deposition testimony that these conditions exist, no disputed issue of fact was raised. Reviewing the violation alleging an obstructed exit to one of the apartments, we again note that with the Building Code precluding such obstructions (see, 9 NYCRR 1242.3 [a], [b]) and defendant's admission that the door to the cited apartment was blocked, no further consideration is required. Finally addressing the violations alleging a leaking roof over a second floor apartment (see, 9 NYCRR 1242.5 [d]) and inadequate structural support (see, 9 NYCRR 1242.7 [a], [c]), defendant's admissions once again unequivocally establish a basis for the cited violations.

All remaining contentions of error are equally unavailing, including the refusal by plaintiff to produce Dennis Shimer, a representative of plaintiff, on the date and time requested due to Shimer's injury of which defendant was notified. Hence, in the absence of contrary proof, which cannot include the affidavits, deposition testimony or other evidence attached to defendant's brief on appeal since such evidence is dehors the record (see, e.g., Ughetta v Barile, 210 AD2d 562, 564, lv denied 85 NY2d 805; Matter of D.B.S. Realty v New York State Dept. of Envtl. Conservation, 201 AD2d 168, 173; Matter of Puff v Jorling, 188 AD2d 977, 981), no viable basis exists to disturb the decision rendered.

Cardona, P. J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order and judgment are affirmed, with costs.

---

**2.** Notwithstanding defendant's failure to appeal this interlocutory determination, the doctrine of "law of the case" would not preclude our review (see, CPLR 5501 [a]; Siegel, NY Prac § 530, at 828 [2d ed]).