■ In the Matter of RAMZAN ALI, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent.
[788 NYS2d 736]—

Appeal from a judgment of the Supreme Court (Clemente, J.), entered January 21, 2004 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as time-barred.

Petitioner commenced this CPLR article 78 proceeding challenging an administrative determination dated November 12, 2002 and received by petitioner on November 13, 2002, which found him guilty of violating a prison disciplinary rule. Respondent moved to dismiss the proceeding as time-barred. Finding that petitioner failed to establish that he timely commenced the proceeding by filing the petition within the four-month limitations period (*see* CPLR 217 [1]; 304), Supreme Court granted respondent's motion. This appeal ensued.

In opposing respondent's motion, petitioner submitted his af-

fidavit averring that the petition had been filed on March 10, 2003, a copy of the first page of the petition bearing an illegible date stamp and an unsworn statement by a notary public asserting that the filing date on the petition is March 10, 2003. The notary's statement, however, cannot be considered admissible evidentiary proof of the date of filing because it was not sworn to or notarized (*see Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 384 [2004]). Nor may we consider the legible date stamp on the copy of the petition that is attached to petitioner's reply brief on appeal because such evidence is dehors the record (*see People v Miller*, 12 AD3d 852, 854 [2004]; *Town of Conklin v Ritter*, 285 AD2d 855, 856 [2001], *affd* 97 NY2d 712 [2002]).

In any event, a review of the record, which includes the entire file kept by the Albany County Clerk, yields no support for petitioner's claim. Although the file contains an unsigned order to show cause bearing a filing date of March 10, 2003, it does not contain any petition bearing such a date. Pursuant to CPLR 304, the original petition bearing the date of filing would have been retained by the County Clerk if it had been received. Accordingly, we find that Supreme Court did not abuse its discretion in dismissing the proceeding as time-barred.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.