■ In the Matter of ELVIN LEBRON, Petitioner, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, Respondent. [797 NYS2d 923]—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with violating facility correspondence procedures after correction officers recovered two letters authored by him in which he was attempting to correspond with inmates from other correctional facilities. After petitioner pleaded guilty to the charge at a tier II disciplinary hearing, the Hearing Officer rendered a determination of guilt, which was upheld on administrative appeal. He then commenced this CPLR article 78 proceeding challenging the determination.

By pleading guilty, petitioner is precluded from asserting that the determination is not supported by substantial evidence (*see Matter of La Tour v New York State Dept. of Correctional Servs. Cent. Off. Review Comm.*, 5 AD3d 890, 890 [2004]; *Matter of Cendales v Goord*, 305 AD2d 824, 824 [2003]). Inasmuch as his procedural objections were not raised at the disciplinary hearing, they are not preserved for our review (*see Matter of Towles v Selsky*, 12 AD3d 737, 738 [2004], *lv denied* 4 NY3d 706 [2005]; *Matter of Torres v Selsky*, 8 AD3d 775, 775 [2004]). Moreover, we cannot review petitioner's remaining claims as they are based upon evidence that is outside the present record (*see e.g. Matter of Ali v Goord*, 15 AD3d 699, 700 [2005]).

Cardona, P.J., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.