■ In the Matter of DANNY RAMOS, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [878 NYS2d 638]—

Appeal from a judgment of the Supreme Court (LaBuda, J.), entered April 22, 2008 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for a merit time allowance.

Petitioner, an inmate, commenced this CPLR article 78 proceeding challenging respondent's determination that he was ineligible to receive a merit time allowance. Supreme Court dismissed the petition and petitioner now appeals.

Pursuant to Correction Law § 803 (1) (d) (iv), a merit time al-

lowance shall be withheld for "any serious disciplinary infraction." A serious disciplinary infraction is further defined by 7 NYCRR 280.2 (b) (2) as, among other things, drug use as defined by 7 NYCRR 270.2 (B) (14) (xiv), also denominated "Rule 113.24" (*see People v Sanders*, 36 AD3d 944, 947 [2007], *lv dismissed* 8 NY3d 927 [2007]). Here, it is undisputed that petitioner was found guilty of violating rule 113.24 while incarcerated. As such, we find that Supreme Court did not err in upholding respondent's determination denying petitioner's request for a merit time allowance.

We have examined petitioner's remaining arguments and find them to be unpersuasive.

Mercure, J.P., Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.