Appeal from a judgment of the Supreme Court (Platkin, J.), entered June 22, 2011 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent’s motion to dismiss the petition.
Petitioner, an inmate, was found guilty after three separate tier II prison disciplinary hearings of violating numerous rules, after which it was determined that he was ineligible to receive a merit time allowance because the aggregate keeplock penalties that he received as a result of the three hearings exceeded 60 days (see 7 NYCRR 280.2 [b] [3]). Petitioner filed an administrative appeal and commenced this CPLR article 78 proceeding challenging respondent’s ruling upholding that determination. While this proceeding was pending in Supreme Court, however, petitioner was found guilty after a tier III disciplinary hearing *1247 of violating the disciplinary rule prohibiting drug use and received a penalty that included 60 days of keeplock and a recommended loss of three months good time credit (see 7 NYCRR 280.2 [b] [2] [xiii]; [3]). Petitioner did not administratively appeal the tier III determination and respondent thereafter moved to dismiss the subject proceeding as moot. Supreme Court granted this motion, prompting this appeal.
Inasmuch as the intervening unchallenged drug use violation and accompanying penalty, standing alone, render petitioner ineligible for a merit time allowance pursuant to the relevant statute and regulations (see Matter of Ramos v New York State Dept. of Correctional Servs., 62 AD3d 1174, 1174-1175 [2009]; see also Correction Law § 803 [1] [d] [iv]; 7 NYCRR 280.2 [b] [2] [xiii]; [3]), we agree with Supreme Court that this proceeding challenging the prior denial of merit time allowances is now moot (see generally Matter of Justice v Fischer, 74 AD3d 1648, 1648-1649 [2010], lv denied 15 NY3d 710 [2010]; Matter of Swinton v Travis, 16 AD3d 851, 853 [2005]).
We have examined petitioner’s remaining arguments and find them to be unpersuasive.
Peters, P.J., Lahtinen, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.