Appeal from a judgment of the Supreme Court (Breslin, J.), entered August 24, 2012 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent’s motion to dismiss the petition.
Following a tier III disciplinary hearing, petitioner was found guilty of violating certain prison disciplinary rules and the penalty imposed included a loss of good time allowance of 90 days. On October 4, 2011, petitioner received notification that the determination had been affirmed upon administrative appeal. Thereafter, petitioner made an inquiry regarding the status of his merit time eligibility and, on February 20, 2012, he received a determination that he is ineligible for a merit time allowance due to his loss of good time allowance as the result of the subject tier III disciplinary proceeding. In May 2012, petitioner commenced this CPLR article 78 proceeding seeking to challenge the adverse disciplinary determination as well as the later denial of a merit time allowance. Supreme Court subsequently granted respondent’s motion to dismiss the proceeding as barred by the statute of limitations. This appeal followed.
Supreme Court correctly dismissed that part of the petition challenging the tier III disciplinary determination as untimely. *962 Petitioner’s receipt of the final determination on October 4, 2011 “triggered the four-month statute of limitations period within which to commence the CPLR article 78 proceeding challenging the determination” (Matter of Blanche v Selsky, 13 AD3d 681, 682 [2004], appeal dismissed, lv denied 4 NY3d 844 [2005]; see CPLR 217 [1]). Inasmuch as the record confirms that the petition was not filed until May 18, 2012, which was beyond the four-month statutory period, Supreme Court properly held that petitioner was foreclosed from challenging the disciplinary determination (see Matter of Loper v Selsky, 26 AD3d 653, 654 [2006]). Moreover, contrary to petitioner’s argument, no basis for tolling the statute of limitations period pursuant to the doctrine of equitable estoppel has been presented (see generally Matter of Amsterdam Nursing Home Corp. [1992] v Daines, 68 AD3d 1591, 1592 [2009]).
Turning to petitioner’s challenge to the separate determination denying his request for merit time allowance (see e.g. Matter of Ramos v New York State Dept. of Correctional Servs., 62 AD3d 1174 [2009]), we conclude that the motion to dismiss that part of the petition was also correctly granted. Insofar as petitioner argues that the statute of limitations should have been tolled as a result of his alleged lack of knowledge of his ineligibility for merit time when he received the final disciplinary determination, the claim lacks merit. In January 2012, petitioner was referred to a departmental directive that specifically states that “any recommended loss of good time as a disciplinary sanction at a [t]ier III hearing” would effect his merit time (Dept of Corr & Community Supervision Directive No. 4790). This notice was well within the statute of limitations period pertaining to the October 4, 2011 determination.
Peters, P.J., Lahtinen, Stein and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.