■ In the Matter of JAMES STEVENSON, Appellant, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [991 NYS2d 907]—

Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered June 11, 2013 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding to challenge a prison disciplinary determination rendered against him. While he was notified that the determination had been affirmed upon administrative appeal on October 18, 2012, he did not commence the present proceeding until February 26, 2013. Supreme Court granted respondent's motion to dismiss the petition as time-barred, and petitioner now appeals.

We affirm. The evidence in the record demonstrates that the petition was filed after the expiration of the applicable four-month statute of limitations (*see* CPLR 217 [1]; 304 [a]), and the unsworn allegations by petitioner that he attempted to file the petition earlier did not constitute "admissible evidentiary proof of the date of filing" sufficient to defeat respondent's motion to dismiss (*Matter of Ali v Goord*, 15 AD3d 699, 700 [2005]). Likewise, we are unable to consider the additional evidence "attached to petitioner's reply brief on appeal because such evidence is dehors the record" (*id.*). Instead, because those submissions are "documents outside the record," petitioner's remedy would be to submit them before Supreme Court as part of a mo-

tion to renew (*Gagen v Kipany Prods.*, 289 AD2d 844, 845 [2001]; *see* CPLR 2221 [e]). Supreme Court thus properly dismissed the petition as untimely based on the papers that were before it and, as a result, the merits of the underlying determination are not before us (*see Matter of Fayette v Fischer*, 108 AD3d 961, 962 [2013], *lv denied* 22 NY3d 854 [2013]; *Matter of Blanche v Selsky*, 13 AD3d 681, 682 [2004], *appeal dismissed and lv denied* 4 NY3d 844 [2005]).

McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ., concur. Ordered that the judgment is affirmed, without costs.