*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 11, 2014                  517058
_____

In the Matter of JAMES
    STEVENSON,
                        Appellant,

        v                                   MEMORANDUM AND ORDER

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                        Respondent.
_____

Calendar Date:   August 4, 2014

Before:   McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        James Stevenson, Romulus, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Appeal from a judgment of the Supreme Court (Gilpatric,
J.), entered June 11, 2013 in Ulster County, which, in a
proceeding pursuant to CPLR article 78, granted respondent's
motion to dismiss the petition.

        Petitioner, a prison inmate, commenced this CPLR article 78
proceeding to challenge a prison disciplinary determination
rendered against him.  While he was notified that the
determination had been affirmed upon administrative appeal on
October 18, 2012, he did not commence the present proceeding
until February 26, 2013.  Supreme Court granted respondent's
motion to dismiss the petition as time-barred, and petitioner now
appeals.

We affirm.  The evidence in the record demonstrates that the petition was filed after the expiration of the applicable four-month statute of limitations (see CPLR 217 [1]; 304 [a]), and the unsworn allegations by petitioner that he attempted to file the petition earlier did not constitute "admissible evidentiary proof of the date of filing" sufficient to defeat respondent's motion to dismiss (Matter of Ali v Goord, 15 AD3d 699, 700 [2005]).  Likewise, we are unable to consider the additional evidence "attached to petitioner's reply brief on appeal because such evidence is dehors the record" (id.).  Instead, because those submissions are "documents outside the record," petitioner's remedy would be to submit them before Supreme Court as part of a motion to renew (Gagen v Kipany Prods., 289 AD2d 844, 845 [2001]; see CPLR 2221 [e]).  Supreme Court thus properly dismissed the petition as untimely based on the papers that were before it and, as a result, the merits of the underlying determination are not before us (see Matter of Fayette v Fischer, 108 AD3d 961, 962 [2013], lv denied 22 NY3d 854 [2013]; Matter of Blanche v Selsky, 13 AD3d 681, 682 [2004], appeal dismissed and lv denied 4 NY3d 844 [2005]).

McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court